Hemphill, Ch. J.
The appellant’s counsel has examined the sub- *137 jeet with ability and a commendable degree of research, and has suggested points which, if time permitted, would insure a more extended discussion than can be afforded to them.
We cannot assent to his position that the appellant could not, in the first suit, have pleaded by way-of roconventioh the damages arising from the injunction. These grow out of the transaction or claim which furnished the grounds of the suit; they are incidental to it, and maybe pleaded and tried with tlie main cause. This point has been settled in the analogous case of Walcott v. Hendrick, 6 Tex. R., 406.) But though defendants) on general principles, in cases of this character, have the privilege of asserting their claims for damages in tlie principal action, yet this is not an imperative exaction, and does not debar them of the right to maintain a separate suit.
Tlie difficulty in cases of injunction arises, however, from the provisions of the statute, which, it is contended, authorizes the defendant to have his damages assessed in the main suit, and consequently restricts him to tlie remedy thus provided. The statute requires a bond in a sum sufficient to secure the matter to be enjoined and all damages and costs that maybe occasioned by the injunction, conditioned that the plaintiff will abide the decision and pay all sums of money and costs that shall bo adjudged against him, (Art. 1601;) and, upon the dissolution of the injunction, either in tlie whole or in part, when the collection of money has been enjoined, if the court be satisfied that the injunction was obtained for delay, damages shall be assessed by the court at ten percent. on the amount released by the dissolution outlie injunction ; and in all other cases the damages shall be assessed by a jury sworn for that purpose; if neither party require a jury, the damages may be assessed by the court. -The statute evidently contemplates that the assessment of damages may be simultaneous with the dissolution of the injunction, and, when they are to be assessed b3rthe court for the want of probable cause, there is no doubt judgment for them should be immediately rendered. Tire amount is fixed by law, and the court has only to declare tlie sentence of law in form. But when the injunction Iras operated on other matters tiran the collection of money, questions of difficulty as to the damages occasioned by the injunction may arise; and as the statute has not positively required them to be tried with the main action, on penalty of being excluded from subsequent cognizance, we are of opinion tlrat the defendant could rightfully prosecute a separate action to have the question of damages and their amount adjudicated. The issue as to the amount and legal grounds for damages is distinct from though connected with the main action, and it might be inconvenient to the defendant, and perplexing,- perhaps, to botlr parties, to controvert the issue as to damages at tire time of the trial of the principal matter in litigation. His .right, independent of the statute to bring an action on the bond, is secured in general principles of law; and though a'special provision is made for the assertion of his claims under the bond, yet that does not operate as a preclusion of his general right, the statute containing no terms of prohibition, either expressly or by implication. Judgment reversed and cause remanded.
Reversed and remanded.
Note 49. — Carlin v. Hudson, 12 T., 202.