## JOHN H. GIBSON ET UX. *v.* MICHAEL O'CONNELL.

Where a plaintiff, in a petition for an injunction, claimed a credit on his note, say for $10,000, and the defendant in his answer set forth the items and dates of credits, and showed that they only amounted to $8,000, and the parties went to trial upon bill and answer, neither offering proofs, the plaintiff is presumed to acquiesce in the defendant's answer.

An injunction, founded upon the motion that the stay law entitled a debtor who had executed a deed of trust to a perpetual injunction, was properly dissolved, and ten *per centum* damages for delay were properly awarded. (Paschal's Dig., Art. 3935, Note 927.)

Where the sureties to an injunction bond have not appealed, the sufficiency of the bond is not properly before the court.

APPEAL from Matagorda. The case was tried before Hon. BENJAMIN SHROPSHIRE, one of the district judges.

The facts are stated in the opinion.

*John W. Harris*, for appellant.— I. The court erred in dissolving the injunction and dismissing the cause on this motion of the defendants. (Cook v. Burnley, 13 Tex., 591.)

II. The court erred in awarding damages against the appellants and their sureties, on the ground that the injunction was obtained for delay, first, because the appellants claim a credit in their petition for $2,454 70, which the appellee does not admit to be correct, and which, by his motion, he deprives the appellants of their privilege of proving; second, the damages ought not to be awarded on the ground that the injunction was obtained only for delay, because it may be said that when the injunction was asked for, the stay-law had, to all intents and purposes, received the sanction of the convention and of the legislature, the executive and the judicial departments of the government. The legislature had repeatedly passed these laws. The executive had ordered that executions should not be issued upon judgments; and the judges had uniformly enjoined

those who attempted to enforce the collection of debts in violation of the provisions of the law.

III. The so-called injunction bond in this case is insufficient in law, and the district court erred in rendering judgment thereon.   Article 1019 of Oldham & White provides that no injunction shall be granted until an injunction bond shall be given.   A bond is an obligation in writing under seal.   The instrument of writing in this case is not under seal.

Repeals by implication are not favored in law. (13 Pick., 342, 348; 3 Pick., 172, 178.)

Statutes made in derogation of common law are to be construed strictly. (Melody v. Reab, 4 Mass., 471; 15 Mass., 205; 9 Pick., 471; 13 Pick., 284.)

The 25th section of general provisions of our constitution provides that "no law shall be revised or amended by reference to its title; but in such case the act revised or section amended shall be re-enacted and published at length."

It is evident that if the act in question amends article 3933 of Paschal's Digest, which requires that an injunction bond shall be given, and so dispenses with the use of a seal, which is necessary to make an obligation a bond, then we submit that here is an act that has been amended without even reference to its title, and without re-enacting the section.

*George Quinan,* for appellee.

MORRILL, C. J.—On the 15th April, 1861, Gibson executed and delivered to O'Connell his promissory note for $11,191 89, payable 3d January, 1863, with eleven per cent. interest from 3d January, 1862, secured by a deed in trust on certain property therein named, and containing the usual conditions of sale.   On the 27th July, 1866, the trus-

tee advertised the property for sale according to the terms of the trust deed.

On the 27th August, 1866, Gibson petitioned for an injunction of the sale, reciting therein the execution of the note and deed, and the advertisement by the trustee; and that the trustee stated in the advertisement that the note is entitled to a credit which will be deducted from the aforesaid amount. The petition further alleged, that the note was entitled to a credit of $1,000 on the          day of          , 1863; also, of $4,500, paid on the          day of June, 1866, and a draft for $5,000 on John Matthews, (who had funds to pay the same,) dated 26th August, 1866, making in all the sum of $10,500. It was further alleged in the petition, that plaintiff was advised by counsel that the trustee was prohibited from making any sale, in consequence of the statutes of the state, and closed with a request that the trustee be perpetually enjoined from selling, agreeably to the stipulations of the deed in trust.

The defendant's answer concurred with the statements in the petition, so far as related to the execution of the note, the deed of trust, and the proceedings of the trustee thereon; but also alleged that the note was credited by $1,000, 9th August, 1862; $4,500, 18th May, 1866; and $2,545 30, paid through John Matthews, 30th July, 1866. The answer expressly denied the reception of a draft upon Matthews, but admits that plaintiff gave a sealed letter to defendant, addressed to Matthews, and that Matthews, upon the reception of the letter, paid defendant the sum as hereinbefore stated, as credited on the note.

The plaintiff made no reply to defendant's answer, and did not introduce any testimony, thereby tacitly admitting the answer of defendant. Indeed there does not seem to be any difference in the statements of the parties in respect to the amounts paid and credited on the note, as the plaintiff does not positively allege that Matthews paid defendant

$5,000, but states that he gave a draft on Matthews for this sum, and that Matthews had funds to pay the same.    Defendant admits that he received the sum of $2,545 30 from Matthews.

The pleadings were submitted to the judge, and the only issue thus presented was the prominent allegation in the petition that " by the laws of the land the trustee is prohibited from making any sale."

The district judge dissolved the injunction, gave judgment for the defendant for the sum of $8,824 53, and ten per cent. damages on this sum, viz, $882 45, for delay.

The plaintiff has brought the proceedings before this court, and assigns four errors:

1. The dismissing the cause upon the motion of the defendant to dissolve the injunction.

2. In awarding ten per cent. damages.

3. In dismissing the cause.

4. Other errors apparent.

It is difficult to perceive any difference between the first and third assigned errors, either in ideas or verbiage, and they therefore may be considered as one.    The fourth assignment, viz, other errors apparent, is so indefinite, that we do not feel authorized to say anything more than that it is uncertain, or in reality a nullity.    Taking into consideration the only allegation in the petition not answered by the debt, as before stated, viz, " the trustee is prohibited by law from making any sale," it is evident that the whole object of the writ was delay.    The plaintiff is not content with a delay of annual installments of one, two, three, or four years, but requests a perpetual injunction.    Under pretense that the legislature has passed a law which is both retrospective and would enable him to violate his contract, he requests the judiciary to interpose their power in his behalf.    The district judge very properly regarded the proceedings as coming within the provisions of article 3935 of Paschal's Digest, that the suit was not for a tempo-

ral delay only, but perpetual delay, and rightly assessed ten per cent. damages therefor. There was no pretense that the amount due on the note, as shown by the face and indorsements thereof, was incorrect. The appellant has insisted very earnestly that the pretended bond given by himself was not in reality a good, valid, and legal bond. Admitting the truth of his positions, the necessary consequence would be, that the court acted rightly in dissolving the injunction for this very reason, and for the same reason we are bound to affirm the judgment.

As the sureties on the bond did not appeal, its validity is not properly before us. We consider that the motive of the plaintiff in obtaining the injunction was delay, and that the district judge did not err in so deciding. And we further consider, that the same motive, based upon the hypothesis that this court would disregard the decisions of the Supreme Court of the United States, caused the plaintiff to appeal to this court. But courts have no policy. And because it seems to the court that there was no error in the judgment of the district court, it is considered that the decree be in all things

AFFIRMED.