Bigler *v.* Furman.

Decree affirmed, with costs.

[First Department, General Term, at New York, February 7, 1871. Cardozo and Geo. G. Barnard, Justices.]·

———•●•———

## Bigler *vs.* Furman & Phelps.

It is well settled in this State that a tenant cannot dispute the title of his landlord, unless some change has taken place in the landlord's title subsequent to the taking of the lease.

The only case in which a tenant who has not entered on the premises may set up want of title in his landlord, is where he was induced to accept possession, or to enter into the lease, by fraud or mistake.

APPEAL from an order sustaining a demurrer to the defendants' answer.

This action was brought upon an indenture of lease, made and executed on the 9th day of June, 1865, by and between the plaintiff and defendants, whereby the former let to the latter certain premises therein described, from the 1st day of July, 1865, for the period of five years; at a rent agreed upon. The complaint simply alleges the making of the lease, and the non-payment of the installment of rent for which the action is brought.

The answer admits the execution of the lease, and that nothing has been paid upon it. It also alleges that the defendants were led and induced to believe that the plain-

tiff was the owner of the premises in question, and had full right to let and demise the same. That being so led and induced, &c. on the part of the plaintiff, the defendants executed the lease. That the plaintiff was not the owner of the premises at the time of the execution of the lease, or at any time since, but the same then belonged and still belongs to the State of Virginia and to other persons to the defendants unknown, and the defendants have never been in possession thereof, but that other persons were in possession at the time aforesaid, and have ever since continued in possession. The answer further, and by way of counter-claim, alleges the making by the plaintiff of the covenant of quiet possession, and the breach thereof, following in this respect the language of the covenant. It then alleges that the premises in question belonged, at the time of the making of the agreement, and have ever since belonged to the State of Virginia, and to other persons unknown to the defendants; that the owners were in possession thereof at the time of said agreement, and have ever since continued in such possession, and these defendants have not, nor has either of them, been able to obtain possession of said premises, or of any part thereof. The answer then alleges damage, and demands judgment to an amount exceeding that claimed in the complaint. The answer being demurred to, the demurrer was sustained; and from the order sustaining the demurrer and the judgment entered thereon, this appeal is taken.

*Scudder & Carter*, for the appellants.

I. The condition of every agreement on the part of a lessee to pay rent is the enjoyment, or the right of enjoyment on his part, of the premises sought to be let by the lease. This is the consideration of his promise, and in case of a failure of consideration, he is excused from the payment of rent. And it is well settled, that it is a good

defense to an action upon a lease not under seal, that the lessor had nothing in the premises at the time of the lease; for the reason that in such a case the lessee hath not *quid pro quo*, nor anything for which he should pay rent. (*Co. Lit. by Thomas*, 415. *Taylor's Land. and Ten.*, § 629. *Sullivan* v. *Stradling*, 2 *Wilson*, 217.) And upon the same principle it is equally well settled, that in case the tenant is deprived in whole or in part of the possession of the demised premises, the rent is entirely discharged, or abates in the same proportion. (*Taylor's Land. and Ten.*, § 378.) It is submitted, that the fact of the lease in question being under seal does not change the rule in this respect, nor render a consideration any the less necessary. Whatever may have been the common law rule as to a seal absolutely importing a consideration for every covenant contained in it, the rule is changed by the Revised Statutes, and the only difference in this respect between a sealed and an unsealed instrument, is that in the former there is a presumption of consideration, and the *onus* is cast upon the covenator to disprove this presumption. The statute provides, that " in every action upon a sealed instrument, and where a set-off is founded upon any sealed instrument, the seal thereof shall only be presumptive evidence of a sufficient consideration, which may be rebutted in the same manner and to the same extent as if such instrument were not sealed." (2 *R. S.* 406.) The present is one of the two cases for which the statute provides; the action is upon a sealed instrument, and within the express language of the statute, the defendants are enabled to rebut the presumption of a consideration, the same as though the lease were unsealed. This they have shown themselves willing to do by raising that issue in their answer. (*Case* v. *Boughton*, 11 *Wend.* 106. *Russell Rogers*, 15 *id.* 351. *Tallmadge* v. *Wallis*, 25 *id.* 107. *Wilson* v. *Baptist Ed. Society of N. Y.*, 10 *Barb.* 308.) The principle that every promise must be supported by a con-

sideration, applies to those made under seal as well as by parol. The only difference being in the manner of proof; the seal at common law being sufficient evidence of consideration, and by the statute presumptive evidence.

II. It is submitted that the defendants are not estopped from setting up the failure of consideration in their answer. 1. It is to be borne in mind that the action is not brought for use and occupation ; on the contrary, it appears that the defendants never had and could not get possession. The equitable estoppel, therefore, which prevents one who has enjoyed the possession of lands, under the lease of another, from denying the latter's title, has no application to this this case. 2. To hold the defendants estopped from showing the want of consideration, would render the statute, quoted in the first point, utterly nugatory in actions upon sealed leases. And yet the statute was evidently intended to apply to actions upon leases, as well as other sealed instruments ; it provides for *every action* upon a sealed instrument. 3. There can be no estoppel for want of mutuality. Estoppels must be binding upon both parties. (*Welland Canal Co.* v. *Hathaway,* 8 *Wend.* 480.) The only case, except where there are express recitals, in which a grantor is estopped from denying his title at the time of the execution of a conveyance, is where it is made with warranty ; in which case, if the grantor afterwards acquire a good title, he is estopped from alleging that he had no title at the time he executed the conveyance. This is to prevent circuity of action. (*Sparrow* v. *Kingman,* 1 *N. Y.* 242. *Fox* v. *Heath,* 16 *Abb. Pr.* 163. *Pellétreau* v. *Jackson,* 11 *Wend.* 110, 119. 14 *John.* 193. 1 *Cowen,* 616. 4 *Wend.* 622.) 4. The authorities show that less regard is paid by the courts to a *seal* than formerly, even in cases where the statute before quoted does not apply. It is a matter of notoriety that, in fact, the seal is rarely affixed to an instrument by the person executing it, but that it is attached by some other person before the execution, and

that there is no more "deliberation and ceremony" in executing a sealed than a parol instrument; and the reason for attaching so much weight to a sealed instrument having practically failed, courts are placing the two classes of instruments more upon an equality. An illustration of this tendency is seen in this very question of estoppels. Thus, where an action was brought against a grantor with warranty, by his immediate grantee, for a breach of warranty, the defendant was permitted to show that the consideration actually paid was less than recited in the deed. The court compares the case to an ordinary receipt, and says that if the latter may be contradicted, why may not the former? (*McCrea* v. *Purmort*, 16 *Wend.* 460, 472.) While, on the other hand, where the first grantee had conveyed the premises, and the second grantee brought an action against the original grantor on his warranty, the latter was held estopped from denying that the consideration actually received was less than recited in the deed, and the ground of the decision was the same as that upon which parol or equitable estoppels are sustained; that the recital in the deed was a statement on the part of the grantor, that he had received a certain consideration; that the second grantee had changed his position on the faith of that statement, and therefore the former should not be permitted to deny it. (*Greenvault* v. *Davis*, 4 *Hill*, 643 *to* 648.) These authorities practically govern estoppels by deed, by the same rules and principles as those *in pais.* Applying those principles to the present case, it will be found not to possess a single element necessary to create an estoppel *in pais.* 5. The most that was ever claimed from the execution of a sealed lease, was an estoppel on the part of the lessee to deny that the lessor had a right to make the lease, and that *some* interest passed under it. It was never held that he could not show that the lessor had not a fee in the premises, so long as he did not claim that he was not authorized to make the lease, and that

nothing passed under it. So long as he did not deny that *some interest* passed by the lease, he was not estopped to deny that the estate of the lessor was a fee, or any particular estate. "There is no estoppel where an interest passes." (*Doe* v. *Seaton*, 2 *C. M. & R.* 728. *Neane* v. *Mose*, 1 *Bing. N. C.* 380. 2 *Smith's Lead. Cas.* 692. *Weld* v. *Baxter*, 36 *Eng. Law & Eq.* 498. *Brudnell* v. *Roberts*, 2 *Wils.* 143. 2 *Saund.* 417.) Now the answer denies that the plaintiff was the owner of the premises, and alleges that the defendants could not obtain possession; that is, they could not obtain possession on the 1st of July, when, by the terms of the lease, they were entitled to possession. But it does not follow from this, that on the 9th day of June, twenty-two days before, when the lease was executed, the plaintiff had no authority to lease. He might well have had the right to lease at that time, and yet his estate failed before the lease became operative; and as he could give no greater rights than he had, the lease must fail. For instance, he may have had an estate for the life of another person, and the latter have died in the *interim*. In such case an interest would have passed by the lease, an *interesse termini*, but nothing for which the defendants should pay rent. An interest having passed, the foregoing authorities, and the reason of the rule, show that the defendants, within the most rigorous rules of estoppels, would be permitted to show that the interest which passed was limited to an *interesse termini*. Otherwise, even had the plaintiff been owner, or had a right to lease on the 9th of June, and had voluntarily disposed of his interest before the 1st of July, the defendants would not be allowed to show it, and might be subjected to the grossest of frauds. The answer does all that is requisite in setting out the facts which constitute the defense—the possession of the premises under a paramount title, and the inability of the defendants to obtain possession or enjoy the premises. (*See Weld* v. *Baxter*, 36 *Eng. L. & Eq.* 498.) 6. An

Bigler *v.* Furman.

estoppel is created by the admission of an existing fact, and not by a promissory representation of something to exist in the future; and although the defendants should be estopped to deny the right of the lessor to make the lease on the 9th of June, they could not admit as a *present fact* that there would be no title superior to his on the 1st of July following. 7. In the present case there was no recital of any fact in the lease which the defendants now seek to deny. They have not, in fact, admitted anything which it would be contrary to good morals to permit them to deny. Probably nothing was further from the intention of the parties, when the lease was executed, than that an estoppel should arise. It can be claimed only in pursuance of a very technical rule of law; and it is submitted that a rule working such hardship should not be enforced, unless authorities and legal principles absolutely require it.

III. The damage shown by the breach of the covenants alleged in the answer, and the counter-claim set up because of such breach, is in excess of the amount claimed in the complaint. If, therefore, either the defense set up in the answer, or the counter-claim, is sufficient, the demurrer must be overruled. It is submitted that both the defense set up in the answer and the counter-claim are sufficiently and properly pleaded. The breach of the covenant of quiet possession is assigned in accordance with the most technical rules. The effect of the covenant for quiet possession being against disturbances from those having a legal title only, the answer does not merely follow the words of the covenant and negative them; as, if that were done, the allegation might still be true, without any breach of the covenant, for the reason that the interruption might have been made by trespassers. The answer, therefore, goes further, and alleges the possession of the premises by the owners, which possession was paramount to that of the defendants, and prevented them from entering. (*Marston* v. *Hobbs*, 2 *Mass.* 433.) The breach is alleged in accord-

ance with the provisions of the Code, "in ordinary and concise language, without repetition."

The set-off is clearly good, upon demurrer. The lease contains a covenant for quiet possession, and for a breach of this covenant an action would lie. If the plaintiff should succeed in the present action, he would be liable to suit of the defendants for breach of the covenant; in this action the damages would be at least as much as they had been compelled to pay for the premises, which they never enjoyed and could not enjoy. And thus, after two actions, the parties would be in the same position as before the first suit. The law will not permit this circuity of action, any more than it will permit a grantor with warranty to recover premises by virtue of an after-acquired title superior to the one he had conveyed with warranty. (*Simpson* v. *Swan*, 3 *Campbell*, 291. *Carr* v. *Stephens*, 9 *B. & C.* 758. *Broom's Leg. Max.* 309.) The order sustaining the demurrer, and the judgment entered thereon, should be reversed, with costs.

*J. K. Hayward,* for the respondent.

I. There are no implied covenants in this lease. (3 *R. S.* 29, 30.) Only an express one for quiet enjoyment.

II. The third averment does not amount to deceit, and so is immaterial.

III. The fifth averment amounts to the plea of *nil habuit in tenementis*, but the defendants are estopped from making this plea, by the familiar rule, that a tenant cannot deny his landlord's title. (*Taylor's L. and Ten.* 629, 705, 706. 6 *T. R.* 62. 7 *Eq. R.* 362.) Technically he is estopped by his deed from pleading *nil habuit, &c.* In 8 *T. R.* 487, the court said: "If a tenant has once recognized the title of his landlord by accepting a lease of him, or the like, he is precluded from showing that the plaintiff had no title when the lease was granted. In *Co. Lit.* 47, *b*, it is said that "it is a good plea for the lessee to say that the lessor

had nothing in the tenements at the time of the lease, except the lease he made by deed indented, in which case such plea lieth not for the lessee to plead." In *Jackson* v. *Rowland*, (6 *Wend.* 670,) the court said : " A tenant cannot dispute the title of the landlord, as long as it remains as it was at the time the tenancy commenced." Cited approvingly in *Despard* v. *Walbridge*, (15 *N. Y.* 378 ;) *Vernam* v. *Smith*, (*Id.* 327; 1 *E. D. Smith*, 143.) In *Kemp* v. *Goodal*, (1 *Salk.* 277,) the court said: " In debt for rent upon an indenture, if the defendant pleads *nil habuit in tenementis*, the plaintiff need not reply that estoppel, but may demur because the declaration is on the indenture, and the estoppel appears on the record." (*Stroud* v. *Willis*, *Cro. Eliz.* 362. *Skipwith* v. *Green*, 1 *Strange*, 610. 3 *Leon*, 146.) The plea of *nil habuit* is a bad plea for lessee, where there is no covenant of seisin in the lease. If the lessee cannot deny his landlord's title, he certainly cannot set up title in a stranger. The title set up in " the State of Virginia" and " unknown persons," is a deceptive averment, to cover the case of vacant land under water.

IV. The sixth averment is an attempt to plead a breach of covenant for quiet enjoyment. At folio 48 the defendant assigns this breach in negative terms. This is a bad assignment of breach of covenant for quiet enjoyment. (1 *Chitty on Plead.* 369, *m.*) " A general statement that the lessor has performed his agreement or promise, is bad on demurrer, though aided by verdict." A breach of the covenant for quiet enjoyment must be specially assigned. (2 *Mass.* 433. 2 *Bos. & Pul.* 14, *n.* *Bac. Abr. Cov.* 1. *p.* 499.) And the assignment must set up an actual eviction under paramount title. It has long been settled in New York, that actual eviction is absolutely essential to a breach of an express covenant for quiet enjoyment. (*Kortz* v. *Carpenter*, 5 *John.* 120. *St. John* v. *Palmer*, 5 *Hill*, 601, *n.* *Mitchell* v. *Warner*, 5 *Conn.* 622. *Waldron* v. *McCarty*, 3 *John.* 471. 7 *id.* 258. 11 *id.* 122. 13 *id.* 236. 7 *Wend.*

281. 9 *id.* 415. 4 *Hill,* 644.) Said Bronson, J., in 5 *Hill,* 601: "If the covenantee never had the possession, it is impossible that there should have been an eviction, and no. action will lie, however hard the case may seem to be." The court, in 5 *John.* 120, said: "It appears to be a technical rule, that nothing amounts to a breach of this covenant, (quiet enjoyment,) but an actual eviction or disturbance of the. possession of the covenantee," and cited 8 *Co.* 89; *Comyn,* 288. Said Cowen, J., in *Bedoe's Ex'rs.* v. *Wadsworth,* (21 *Wend.* 120 :) "It is said in several cases, (those cited *supra,*) that the covenant of warranty and quiet enjoyment refer emphatically to the possession, and not to the title. The meaning is, that however defective the title may be, these covenants are not broken. till the possession is disturbed." Said Bronson, J., in 4 *Hill,* 644: "On an express covenant of warranty, or for quiet enjoyment in a deed, it is settled that there must be a lawful eviction in some form, before an action can be maintained." *Rawle on Covenants,* (*p.* 240,) says that: "Except where there is some peculiar local construction, it is laid down as a technical rule in every case in which the question has been raised, that the covenants for warranty and for quiet enjoyment are broken only by an eviction." Said the court in *Upton* v. *Townsend,* (17 *C. B.* 64:) "The term *eviction* is now properly applied to every class of expulsion or amotion. Getting rid thus of the old notion, I think it may now be taken to mean this, not a mere trespass and nothing more, but something of a grave and permanent character done by the landlord, with an intention of depriving the tenant of the enjoyment of the demised premises." The term *eviction* is synonymous with *ouster.* (4 *Mass.* 352.) In 10 *Wheat.* 453, Marshall, Ch. J., said: "The allegation that possession had never been obtained, is immaterial, because not a breach of the covenant, and a majority of the court are disposed to think may be disregarded on a general demurrer." And such, says *Rawle,*

(*p.* 253,) was the actual decision, in New York, in the case of *Kortz* v. *Carpenter*, (5 *John.* 120, *and cases there cited.*) The defendant's answer is a lame attempt to plead constructive eviction. This is no breach of covenant for quiet enjoyment, in New York. (*See cases supra.*)

V. But the defendant has not even well assigned constructive eviction. 1. He has not averred an elder right of possession, during the life of the lease: *non constat*, that "the owner of the premises" had the right of possession. "An equivocal averment should be construed against him, the pleader." (2 *Hill*, 475. 1 *id.* 71.) 2. The defendant avers no acts of hostility to his possession; no application by himself to the lessor to be put in possession; no effort to get possession; no acts of resistance to lessees taking possession; no adverse title hostilely asserted. At least some of these acts must be averred, in States where constructive eviction is breach of this covenant. (17 *Ill.* 190. 17 *Mass.* 490. 7 *Ala.* 488.) "It seems to be generally settled, that in order to support an action upon a covenant of warranty, there must be something more than evidence of an outstanding paramount title. There must be an assertion of that title, and an ouster or disturbance by means of it. (11 *N. H.* 74.)

VI. The defendant cannot have case, in New York, for damage to foreign realty, even under express covenant. (*Watts* v. *Kinney*, 6 *Hill*, 82. 23 *Wend.* 484.) The case last cited is on all fours with the defendants' counterclaim, in this action.

*By the Court*, INGRAHAM, P. J. However harsh and oppressive the rule may be, I consider it well settled in this State, that a tenant cannot dispute the title of his landlord, unless some change has taken place in the landlord's title subsequent to the taking of the lease. In 6 *Wend.* 670, the court says: "A tenant cannot dispute the title of his landlord, so long as it remains as it was at the time the

tenancy commenced; but he may show that the title under which he entered has expired, or been extinguished." This case was approved in 15 *N. Y.* 374. In *Vernam* v. *Smith*, (15 *N. Y.* 328.) Denio, Ch. J., says : " It has been very often decided, that in debt or assumpsit for use and occupation, the defendant cannot deny the title of the. lessor ;" and, if the lease be made by deed, this plea cannot be interposed. At common law, where the lease was not under seal, the defense might have been available. See also *Hoag* v. *Hoag*, (35 *N. Y.* 469.) Numerous other cases may be found in a note in *Washburn on Real Estate, vol.* 1, *pp.* 367–369. The only case in which the tenant who has not entered on the premises, may set up want of title in his landlord, is where he was induced to accept possession or to enter into the lease by fraud or mistake. Although some facts are averred in the answer which would go to make up the defense of fraud, there is not enough alleged for this purpose. This may be corrected on amending the answer.

Judgment should be affirmed, with leave to the defendants to amend their answer, on payment of costs.

[FIRST DEPARTMENT, GENERAL TERM, at New York, February 7, 1871. *Ingraham,* P. J., and *Geo. G. Barnard,* Justice.]