C. GAULT, JR., v. G. GOLDTHWAITE, TRUSTEE, ETC.

1. A trustee being about to sell land conveyed to him by a debtor in trust to pay debts, he was enjoined from selling by a third party, who claimed to be a prior incumbrancer. *Held*, that the injunction was one whereby the " collection of money was enjoined," within the meaning of article 3935, Paschal's Digest.

2. If an injunction improperly restrained the collection of money, the district court, on dissolving it, was bound to adjudge against the plaintiff the ten per cent. damages awarded by the statute above referred to ; and it is immaterial whether the injunction was granted on the prayer of the debtor, or upon that of a third party. The ruling to the contrary in Carlin v. Hudson, 12 Texas, 202, controverted and overruled.

3. Though there may have been no necessity for submitting to a jury the question whether an injunction had been obtained for delay, yet the district court had the right to adopt that mode of ascertaining that or any other fact pertinent to the case ; and the fact that it was obtained for delay being thus established, the amount of the damages was fixed by the statute.

APPEAL from Harris.    Tried below before the Hon. James Masterson.

The opinion states the facts.

*Stewart & Barziza*, for the appellant.—This injunction was not an injunction restraining the " collection of money," as contemplated by that portion of article 3935 of Paschal's Digest,

which authorizes the court to assess ten per cent. damages. Gault did not ask that the beneficiary, Lubbock, might be restrained from collecting money due him by Calloway. Gault was a stranger to the debt between Lubbock and Calloway. The injunction did not prohibit Lubbock from collecting his debt against Calloway in some other way than by selling the land. Gault merely applied for an injunction restraining Goldthwaite from selling land in which he, Gault, claimed an equitable interest. This injunction, then, was not on the part of Gault restraining the collection of money, but it was for the purpose of restraining the sale of land which Gault claimed an interest in, because a creditor is not bound to pursue the property of his debtor upon which he has a lien. He may collect his debt out of any other property; Lubbock might have pursued his remedy in the courts and collected his debt; for, so far as the record shows, Calloway was not insolvent. The case of the restraining and enjoining an execution is very different; in this case the creditor has gone the "lengths of the law," and if his execution for money is enjoined, it is restraining the collection of his debt. So, this present case comes under the rule of damages laid down in the latter part of the same article 3935 of Paschal's Digest, as follows: "In all other cases the damages shall be assessed by a jury sworn for that purpose."

So strongly are we satisfied that this is the true construction of the article in question that we might still go further and say, that if even Calloway, the debtor, had enjoined the sale of the land himself, the ten per cent. damages could not even have been assessed against him; but special damage would have to be averred and proved, or his insolvency would have to be averred and proved; the law provides how creditors can collect their debts, and if parties choose to stipulate for other remedies and modes than the law prescribes, and one party restrains the stipulated mode, the other party certainly cannot claim that he has enjoined the collection of money, while the modes pointed out by the statute are open to him.

And this reasoning will surely apply with greater force to Gault, who was a stranger to the money transaction between Lubbock and Calloway; Gault did not owe Lubbock or Goldthwaite any money.

It is true, that in the case of Gibson v. O'Connell, (30 Texas R., 684,) Chief Justice Morrill held, in that particular case, that the ten per cent. damages were rightly awarded against the debtor for enjoining a sale under a deed of trust; and while, with all deference to the learned Chief Justice, we cannot but think that the opinion was arrived at too hastily, yet it appears that the case was one of peculiar aggravation, and the only reason given by the Chief Justice why that case should be regarded as coming within the ten per cent. clause of article 3935 of Paschal's Digest was, that " the suit was not for a temporary delay only, but perpetual delay."    (30 T. R., 687.)

Now, this present case differs materially from the one just cited; in this case it is a stranger to creditor and debtor who enjoined the sale of land upon which he had equitable claims; and besides, his suit was distinctly not for " perpetual delay," but only, in the words of his petition, " until the rights and equities of all concerned can be settled and determined by the court."

In the case of Bedwell v. Thompson (25 Texas R. Sup., 247,) Chief Justice Wheeler held that the case of debtor enjoining the " collection of notes or the negotiation of them " (page 248) until the equities could be settled between the parties, was not enjoining the " collection of money," within the meaning of the statute. There is not a case in the State Reports which we can recall where the ten per cent. damages have been awarded, under article 3935 of Paschal's Digest, against a party unless he was the debtor himself; and, except the case in 30 Texas Reports, unless it was the enjoining of an execution.    On the other hand, the view we take of it has been uniformly upheld by our Supreme Court, and in a manner, too, which precludes the supposition that any other

view could possibly be taken of it. In the case of Carlin v. Hudson (12 Texas R., 204,) the court say: "The statute authorizing the court to award damages for delay, on the dissolution of an injunction (Hartley's Digest, 1602, or Paschal's Digest, 3935,) has reference to injunctions to restrain the collection of money obtained by the judgment debtor, or some one who is a party to the judgment."

In the case just cited the appellant, Carlin, enjoined the appellee, Hudson, from selling land under an execution which Hudson had against one Ford. The injunction was, however, afterwards promptly dissolved and judgment given against Carlin, the plaintiff in injunction, for the amount of the original judgment against Ford, (but the court below did not, even in this case, go so far as to give the ten per cent. damages,) by virtue of article 3936 of Paschal's Digest. But the Supreme Court reversed the case, and after saying that the injunction was rightly dissolved, go on and say:

"But the court below went further, and gave judgment against the plaintiff in the injunction and his sureties for the amount of the judgment against Ford. This might have been proper if Ford had been plaintiff in the injunction, or if the plaintiff had been a party to the judgment. But he had in no way become a party thereto; and surely his attempt to restrain the sale of the land did not authorize the making him a party to the judgment against Ford, or the award of judgment against him and his sureties for the amount of the judgment, or for any amount, without averment and proof by the plaintiffs in execution, of the damages occasioned by the suing out of the injunction. The statute authorizing the court to award damages for delay, on the dissolution of an injunction, (Hart. Digest, article 1602, or Paschal's Digest, article 3935,) has reference to injunctions to restrain the collection of money obtained by the judgment debtor, or some one who is a party to the judgment.

" It was competent for the plaintiffs in execution to have pleaded to the petition for injunction, the damages sustained by reason of the improper suing out of the injunction; or they may have an action on the bond for the injury thus occasioned, but they can only recover upon proof of the damages they have sustained by reason of the injunction."

The Supreme Court, in the case cited, rendered such judgment as the court below ought to have rendered, and dismissed the case. Now, if Goldthwaite and Lubbock had been seeking to collect their debt from Calloway by execution levied upon the land, and Gault had enjoined it, the words of the opinion of the court would have exactly applied to the case at bar; and they would have applied, if possible, with more force, because any case which would justify the assessing of ten per cent. damages under article 3935, Paschal's Digest, would be one in which the judgment under article 3936, Paschal's Digest, would be bound to follow, without any discretion of the court.

So, in the case of Hammonds v. Belcher, (10 Texas R., 274,) the court, in discussing this same subject, say:

" But when the injunction has operated on other matters than the collection of money, questions of difficulty, as to the damage occasioned by the injunction, may arise; and, as the statute has not positively required them to be tried with the main action, on penalty of being excluded from subsequent cognizance, we are of the opinion that the defendant could rightfully prosecute a separate action to have the question of damages and their amount adjudicated."

Goldthwaite and Lubbock can yet bring an action against Gault upon his bond, if they can prove any damages; but, in this suit, as they have neither pleaded nor proved any damage, they must, it is respectfully submitted, fail.

*George Goldthwaite,* for the appellee.

WALKER, J.—Article 3935, Paschal's Digest, reads as follows: "Upon the dissolution of an injunction, either in whole or in part, when the collection of money has been enjoined, if the court be satisfied that the injunction was obtained only for delay, damages thereon shall be assessed by the court at ten per cent. on the amount released by dissolution of the injunction, exclusive of costs; and in all other cases the damages shall be assessed by a jury sworn for that purpose; if neither party require a jury, the damages may be assessed by the court."

We think the law, in its just remedial contemplation, covers the case at bar.

William M. Lubbock sold certain land to J. M. Calloway. There was a deferred payment of $3587 50, to secure the payment of which Calloway executed a deed of trust to George Goldthwaite as trustee.

The money was due, and the trustee was about to execute the trust, when Cyrus Gault, Jr., sued out an injunction before the Hon. George R. Scott.

The injunction was granted at chambers on the twenty-fourth of June, 1869. The petition was filed by the clerk July 5, 1869; the writ was issued and served upon the trustee the same day.

The judge who granted the injunction dissolved it at chambers on the sixteenth day of October, 1869, and on the thirteenth day of December following, the trustee sold the property. At the October term of the court, 1870, judgment was rendered against the appellant Gault for $358 50, being ten per cent damages on the amount Calloway owed Lubbock. Gault moved for new trial, which motion was overruled, and he brings his appeal to this court.

The only question for our consideration is whether this case comes within the statute.

If the injunction restrained the collection of money improperly, then the district court was undoubtedly bound to award the reme-

dy; and we think there can be nothing more clear, and it matters not whether the injunction be granted upon the prayer of the debtor, or upon that of one who impertinently and officiously intermeddles where his interests do not require it.

This, we think, was the case with Gault; whether he wished to help his friend Calloway to delay payment of his debt, or whether, through ignorance, he acted in his own wrong, is totally immaterial here.

Article 3935 applies to cases where a trustee is enjoined from collecting money secured by a trust deed from selling under the trust. (See Gibson v. O'Connell, 30 Texas, 684; also the case of Bedwell v. Thompson, 25 Texas Sup., 247.) In the case of Carlin v. Hudson, 12 Texas R., 204, the court say the statute authorizing the court to award damages for delay on the dissolution of an injunction has reference to injunctions to restrain the collection of money, obtained by the judgment debtor or some one who is a party to the judgment. We submit that the article in the statute is not subject to this restrictive language, and with all deference, we submit that there is a more sufficient reason for punishing a mere intermeddler, by awarding damages against him, than there would be in the case of the debtor himself, or any one who is party to the record. The case of Bedwell v. Thompson cannot be said to be a case of injunction to restrain the collection of money; the prayer in that case was for the recision of a contract, the repayment of money advanced, and the perpetual injunction of deferred payments. In Hammonds v. Belcher, (10 Texas, 271,) the injunction was originally granted to restrain the use of a ferry on the Sabine river. They were not cases which can be regarded as authority in the case at bar. In the case of Falls v. Radcliff, 10 Texas, 293, the court say that much discretion must be allowed to the district court in assessing or refusing damages under this statute; and its action shall not be disturbed except for manifest error or mistake in law.

There was, perhaps, no necessity for a jury in this case, but the judge, nevertheless, had a right to direct the finding of any fact which he thought pertinent to the case.

The facts being ascertained, the amount of damages was fixed by law. For the reasons given, the judgment of the district court is affirmed.

Affirmed.