A. J. LEVINE ET AL. V. A. LINDENTHALL.

(No. 2064, Op. Book No. 2, p. 421.)

APPEAL from McLennan County.  Opinion by QUI-
NAN, J.

§ 1149. *Certiorari bond; suit upon.*  Appellee brought
this suit upon a *certiorari* bond given by him in a forci-
ble entry and detainer suit in which appellee had recov-
ered judgment against Lindenthall for the restitution of
certain premises and for damages.  The *certiorari* suit
had been dismissed in the county court.  *Held,* the suit was
maintainable.  The obligation of the bond was to prose-
cute the writ with effect, and, in case of failure, to pay
all costs and damages occasioned by the proceedings
under such writ of *certiorari.*  When the writ of *certio-
rari* was dismissed, there was a failure to prosecute it
with effect, and the bond became forfeited.  The appellee
had a remedy upon it for the damage sustained by that
failure, by a suit upon the bond.  In many cases the *cer-
tiorari* bond might and should be in a sum greatly be-
yond the jurisdiction of the county court, and so might
be the damages occasioned by its issuance.  In such case,
to hold that the remedy upon it could only be in the suit
in which it was obtained would be virtually to deny the
defendant in the writ a right to recover full damages.
[Hammonds v. Belcher, 10 Tex. 271; Carlin v. Hudson,
12 Tex. 203.]

§ 1150. *Landlord and tenant; under-tenant; rules con-
cerning rent.*  Where an under-tenant holds over after
the expiration of the lessee's interest, the lessee is not
liable for the mesne profits, unless he has· made himself
a party to the trespass by receiving rent from the under-
tenant for the time during which he held over, or the
like.  [Taylor's Landlord & Tenant, 528.]  It is a general
rule that the lessee cannot dispute his landlord's title, but
there are exceptions to this rule.  [Camley v. Stanfield,
10 Tex. 552.]  Although he cannot show that his lessor

had no title to the premises when the tenancy commenced, he may show that the landlord holds in violation of law, or that his interest has since expired, or that he has sold the land, etc., and that therefore he has no right to bring the suit. [13 Mass. 348; 7 N. Y. 528; 58 Barb. 545.]

§ 1151. *Damages; measure of, in this case.* In this case the damages which the plaintiff would be entitled to recover would be those stipulated in the bond; that is, the " damages occasioned by suing out the writ of *certiorari.*" Such damages would embrace the actual loss he had sustained by injury done him, under the circumstances of the case, if there were any special damage resulting from it, as well as the rental value of the property withheld from him, for the time it had been withheld. But these ought to be alleged specially. He cannot recover in this action the statutory damages of $5 per day for the detention of the premises. These statutory damages cannot be extended beyond the day of the trial of the forcible entry and detainer suit in the justice's court. These statutory damages are incident to the suit in the justice's court, and can only be assessed there. It is by his judgment they are determined, and he only has jurisdiction to render it. [NOTE.— This case was decided with reference to the law as it existed at the time of the trial in the county court, which provided for damages at the rate of $5 per day after notice in writing to give possession. [Acts 1876, p. 155, sec. 4.] But that law was repealed by the Revised Statutes, and the rule as to damages is now altogether different. [R. S. chap. XLV, p. 360.]

June 22, 1881.	Reversed and remanded.