RICHARD SCALF v. R. V. TOMPKINS.

(Case No. 5028.)

1. SET-OFF AND RECONVENTION — STATUTE CONSTRUED.— Art. 650 of the Revised Statutes, instead of repeating the language of the last clause of the fourth section of the act of 1840, relating to the same subject, makes use of the language employed by the supreme court in construing that clause; hence,

it did not repeal that clause, and the defendant's right to recover on a plea in reconvention does not depend upon the money character of the claim on which the suit is brought.

2. RECONVENTION — PLEADING.— The plea in reconvention was borrowed from the civil law, and all matters touching the cause of action, which might have been pleaded in reconvention, may be alleged in an answer under the blended system of law and equity existing in Texas. Egery v. Power, 5 Tex., 506, referred to and discussed.

3. SAME.— The plea in reconvention is not restricted to cases where the original suit was on a moneyed demand, but may be interposed in any case where the matter pleaded comes within the description given in article 650 of the Revised Statutes.

4. RECONVENTION — DAMAGES — PLEADING — CONTRACT.— One who sold machinery sued the purchaser on his note, and sold the machinery to enforce payment, under a mortgage with power of sale. He became the purchaser, but the articles sold were still in the vendee's possession. In a suit to recover possession of the property, the defendant pleaded in reconvention that the plaintiff had deceived him in the character of the machinery sold, of which fact he gave the vendor notice on discovery; he charged fraud in the sale, and prayed a judgment for $100 damages sustained in loss of time for attempting to run the machinery, and for $100 as damages sustained in the expense incurred in moving it after the contract of sale. He also asked $500 as exemplary damages for the alleged fraud practiced on him. *Held:*

(1) After discovering the defect in the machinery, the defendant had a right to rescind in a reasonable time, and recover the purchase money, or sue for damages and recoup them against the balance of the purchase money.

(2) Having retained the machinery after discovering its defect, on the plaintiff's agreeing to pay him for any damages he might sustain from using it, he could not, after sale under the mortgage, set up his claim for purchase money already paid. Having continued to use the property by agreement, after discovery of the alleged fraud, he cannot, after sale under the mortgage, renew the offer to rescind the trade and obtain the benefit of it in his pleadings.

(3) His only remedy under the facts was for damages, which would seem, in this case, to be the very damages that plaintiff agreed to pay.

(4) Though the plea in reconvention contained only a claim for vindictive damages, it was good on general demurrer as equivalent to a prayer for them.

APPEAL from Collin. Tried below before the Hon. R. Maltbie.

*Abernathy Bros.*, for appellant.

*Chas. Fred. Tucker*, for appellee.

WILLIE, CHIEF JUSTICE.— This was a suit by Tompkins against appellant to recover an engine and other machinery alleged to have been purchased by the latter at a sale made for the purpose of foreclosing a mortgage lien held by him upon the property. The petition alleges that Tompkins sold the machinery to Scalf, taking in part payment promissory notes secured by a mortgage, with

power of sale, upon the property sold. That Scalf, having defaulted in payment of the notes, the mortgage was foreclosed and Tompkins became the purchaser of the property at the sale. He prayed for a writ of sequestration, alleging as cause that he feared. Scalf would injure the property during the pendency of the suit.

Scalf, after demurring generally and specially, pleaded the general denial, and three pleas in reconvention:

1. Setting up that Tompkins had deceived him as to the character of the machinery, warranting and fraudulently representing it to be of greater power than it really was, of which fact Scalf gave him notice so soon as he himself discovered it. He claimed $100 damages for loss of time in running the machinery, and $100 cost of removing it to his mill from the place where it was purchased.

2. He set up the fraud of Tompkins in the sale; his offer to return upon discovery of the fraud; his retention and use of the engine upon Tompkins' promise to pay all damages he might thereby sustain; and, still offering to rescind, prayed for a recovery of $375, which he alleged was the amount of money already paid by him on account of the purchase.

3. He denied the truth of the allegations upon which the sequestration was granted, and alleged that it was sued out maliciously, and that his actual damage by reason of its seizin amounted to $500, giving items; and claimed $500 as exemplary damages.

Tompkins filed a general demurrer to all the pleadings of appellant, except the general denial, which was sustained by the court. The court having overruled the general and special exceptions of defendant to the petition, the parties went to trial upon the remaining pleadings, which resulted in a judgment in favor of plaintiff for the recovery of the property. From this judgment Scalf appeals, assigning one error only — the sustaining of plaintiff's demurrer to his pleas in reconvention.

From the briefs of counsel it seems that the court held that a plea in reconvention was not permissible except when the plaintiff's claim was a moneyed demand. It was also objected to the second plea that, under the facts set up in it, the defendant had no right to claim a rescission of the contract and recover the money already paid by him upon the machinery.

As to the third plea, it is urged that it contains no prayer for damages, and was, on that account, also bad on general demurrer.

The first objection is based upon the language of our Revised Statutes, title 21, every article of which, it is contended, refers to moneyed demands alone. We do not think that the Revised Stat-

utes differ at all in this respect from the previous law. The act of 1840, allowing discounts and set-offs, in force at the adoption of the Revised Statutes, uses the same language with the latter as to the demands against which counterclaims may be pleaded.

The last clause of the fourth section, re-enacted in the act of January 3, 1860 (Pasch. Dig., art. 3446), provides for the plea of reconvention in cases where the defendant has a claim against the plaintiff similar in its nature (though they need not be of the same degree) to that upon which the suit is founded.

Whilst these sections were in force they came under frequent adjudication by this court. The result of the decisions was that when the defendant's claim arose out of, or was incident to or connected with, the plaintiff's cause of action, it might be pleaded in reconvention. Art. 650 of the Revised Statutes, instead of repeating the language of the last clause of the fourth section of the act of 1840, makes use of that employed by the court in interpreting the meaning of that clause. The unavoidable conclusion is that there was no intention on the part of the framers of the new system to change the old law, or to have a different construction placed upon the new act from what the former had received. See R. S., par. 719, sec. 19.

By reference to the line of decisions in this court on the law of 1840, and the amendatory act of 1860, it will be seen that the right to recover has, by no means, been made to depend upon the money character of the claim upon which the suit was brought. 3 Tex., 270; 5 Tex., 501; 6 Tex., 406; 7 Tex., 55; 10 Tex., 271; 12 Tex., 202; 15 Tex., 437; 18 Tex., 147; 21 Tex., 358.

It is held that the plea of reconvention was introduced from the civil law, and that all matters touching the cause of action, which might under that law have been pleaded in reconvention, may be alleged in an answer under our system of jurisprudence. Cannon v. Hemphill, 7 Tex., 205; Egery v. Power, 5 Tex., 506.

In the latter case it is said in effect that the code of Louisiana is substantially the same as the civil law upon the subject of this plea, and it is cited as showing the correct rule on the subject. The instance given in the article of the code of a proper case for a plea in reconvention is not that where the suit is upon a moneyed demand, but a suit for the recovery of land, pay for improvements placed upon it by the defendant being the subject of the plea in reconvention. Justice Wheeler, in delivering the opinion of the court, says "that there is nothing in the nature of the action of trespass to try title, or to recover the possession of land, incompatible with the right of the defendant to interpose a plea in reconvention."

The case of Egery v. Power was itself a land suit, and though damages were also asked, the court lay no stress upon that fact in allowing the counter plea of defendant.

The subsequent case of Bradford v. Hamilton, 7 Tex., 58, was a land suit where no damages were claimed, and to it a plea in reconvention was allowed.

So in Hammonds v. Belcher, 10 Tex., 271, where the suit was to enjoin the use of a ferry, and no money was claimed, it was held that a reconvention of damages for wrongfully suing out the writ could be pleaded.

The same principle was held in Carlin v. Hudson, 12 Tex., 202, which was an injunction suit to restrain the sale of land.

It is clear from these decisions (our present statutes being substantially the same as the acts under which they were made) that the plea in reconvention is not confined to cases where the original suit was on a moneyed demand, but may be interposed in any case where the matter pleaded comes within the description given in art. 650 of the Revised Statutes.

To hold otherwise would frequently, as in this case, make the right to set up a counterclaim depend on the form and not the cause of action; the prayer for relief, and not the facts upon which the relief is claimed. Here the plaintiff might have sued for the value of the machinery, or prayed a recovery of the machinery and damages for its detention, or in the alternative for the property or its value. In either of these cases his claim might be termed a moneyed demand, to which a plea in reconvention would be appropriate. We do not think that he can, by any different pleadings on his part, deprive his adversary of a defense to which he is clearly entitled, against the cause of action that forms the basis of such pleadings.

The first plea of the defendant, we think, comes fully up to the requirements of the statute. The plaintiff's cause of action grew out of the fact that he had sold the machinery to defendant partly on a credit, taking a mortgage with power of sale to secure the deferred payments, and that in default of those payments the machinery had been sold under the mortgage, the plaintiff becoming the purchaser. The defense arose out of a broken warranty in the original sale and fraud on the part of the vendor in misrepresenting the machinery sold. Had there been no sale by plaintiff to defendant his cause of action would never have existed, and the defense arose from the circumstances under which that sale was made, and was, therefore, incident to and closely connected with the cause of action.

The objection to the second plea in reconvention is better taken.

After discovery of the defect in the machinery the defendant had the right to rescind the trade within a reasonable time, and recover the purchase money, or retain the property and sue for damages, or recoup them against a suit for the balance of the purchase money. Blythe v. Speake, 23 Tex., 429; Brantley v. Thomas, 22 Tex., 270. From his plea it appears that, whilst he offered to rescind, yet at request of plaintiff he retained the machinery and used it, plaintiff agreeing to pay him damages for any loss he might sustain by reason of a failure of the machinery to come up to contract. Had he rejected this proposition and not used the property, he would have been in a condition to set up his claim for the purchase money already paid; but having accepted it and used the property, he cannot, after sale, under the mortgage, renew the offer to rescind and get the benefit of it in his pleadings. His only recourse was for the damages sustained, when no rescission is had, which in this case would seem to be the very damages which, by his subsequent agreement with the plaintiff, he agreed to receive.

The objection to the third plea is not well taken. Whilst there is no prayer in so many words for damages, yet the defendant states that he claims exemplary damages, which we think is equivalent to a prayer for them. Admitting that he would not be entitled to compensatory damages for not claiming them, his claim to those of a vindictive character would render the plea good on general demurrer, these, under the allegations, being a proper subject of reconvention.

As the exception was to the three pleas without distinguishing between them, and two of them were good at least against a general demurrer, the court erred in its ruling in this respect, and for that error the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 29, 1884.]