PEOPLE, *ex rel.* DE JONGE, *v.* KAMPS.

1. CONTESTED ELECTIONS—QUALIFICATIONS OF ELECTORS—DETERMINATION—SEPARATE ISSUE.

1 Comp. Laws, § 3723, provides that, after issue joined in any case of contested election, either party may file a petition alleging that voters named therein were not qualified, and asking a determination of that question, when the court shall direct an issue to be formed, to stand for trial as in other cases. After a *quo warranto* proceeding to oust a public officer had come on for trial, and witnesses had been sworn and examined, a petition was presented asking the court to decide whether certain voters were qualified. Issue was joined, but, before entering on the hearing, the judge offered counsel as much time as they might desire to prepare for its trial, and was informed that they did not desire any extension of time; whereupon a trial was had, and the matter

left to the judge, the main case being held in abeyance. *Held,* that the court was justified in entering on the hearing in such manner.

2. SAME—MARKING BALLOTS.

Election ballots which appeared as though the voter had first made a cross in the circle, and, thinking he had not marked it plainly enough, repeated the marking substantially over the first, and others which appeared as though the cross might have been made with a pencil the lead of which was so broken that it had two points, or on which the voter may have made the cross with a down and up stroke in making each mark, were properly counted.

Error to Ottawa; Padgham, J. Submitted November 21, 1901. Decided December 30, 1901.

*Quo warranto* by the People of the State of Michigan, on the relation of Christiaan De Jonge, against Berend Kamps, to determine the title to the office of president of the village of Zeeland. From a judgment for relator, respondent brings error. Affirmed.

*Henry J. Felker* (*William Wisner Taylor,* of counsel), for appellant.

*Diekema & Kollen,* for appellee.

MOORE, J. The case is brought here by writ of error. At a village election held in the village of Zeeland on March 11, 1901, there were two tickets in the field. The respondent, Berend Kamps, then president of said village, was a candidate for re-election, and the relator, Christiaan De Jonge, was also a candidate for said office. At the close of the election the result, as publicly announced, was that the total number of votes cast for said office was 334, of which Kamps received 167, and De Jonge 167. March 14, 1901, the village council met as a board of canvassers. De Jonge, relator, filed with the village clerk a petition for a recount. A recount was had, and it was determined that Mr. Kamps had 167 votes and Mr. De Jonge 167 of the 334 votes for said office of president. There-

upon, and in accordance with the statute under which the village existed and said election was held, the matter of the election of village president was determined by lot, and in such test by lot the respondent, Kamps, was successful. Mr. Kamps, on March 14th, filed his acceptance, and took his oath of office, and entered upon the duties thereof.

On March 22d the relator, De Jonge, instituted this proceeding through the prosecuting attorney of said Ottawa county. To the information the respondent interposed a plea. To this plea relator filed a replication, dated April 10, 1901, and on April 11, 1901, relator gave notice that on April 15, 1901, he would move the court to place the cause upon the calendar of the then term of the circuit court for the county of Ottawa. On April 15, 1901, respondent filed a rejoinder. To this rejoinder the relator interposed a surrejoinder. The proceedings came on for hearing before said circuit court without a jury on April 25, 1901. After the hearing had been commenced, and witnesses sworn and examined, notwithstanding objection duly taken, the court suspended said hearing, and entered upon a trial of the issue of fact as to whether or not two persons who had voted at the election—one Hartwick and one Van Eyck—were qualified electors, and entitled to vote. The court, after taking testimony, determined that the ballot cast by the said Van Eyck was a legal ballot, the ballot cast by Hartwick was an illegal one, and that Hartwick was not justified in voting as an elector at said election. Thereupon the court caused the ballot-box to be opened, and the vote cast by said Hartwick, having been identified, was found to have been cast for respondent. The court rejected said vote, and proceeded to have the ballots contained in the ballot-box recounted, and it was found that the relator had received 162 votes, besides respondent's Exhibits A, B, C, D, and E. Thereupon the court counted said exhibits as having been cast in favor of relator. Judgment was entered May 13, 1901, in favor of relator, and ousting respondent from the office.

There are 10 assignments of error, but they are so grouped by counsel in the briefs and arguments they may be discussed under two heads: *First.* Did the court err, after it had entered upon the hearing in the *quo warranto* proceeding, in suspending that proceeding, and entering upon the hearing of the question whether Hartwick and Van Eyck were entitled to vote ? . Counsel say this is error under section 3723, 1 Comp. Laws. They say this matter of the qualifications of the voter or voters must be determined in a separate proceeding, either by a jury trial or a trial before the court, and that the issue raised could properly be removed to the Supreme Court for review. Counsel may be right in this contention if the proper steps had been taken. But what was done? After the issue was joined in the *quo warranto* proceeding, a petition asking the court to decide whether Hartwick and Van Eyck were qualified to vote was presented to the court. The respondent joined issue upon that petition, witnesses were examined, and arguments were made upon both sides, and the matter was left to the judge without a jury for his decision. Before entering upon this hearing, the judge informed counsel he would give them as much time as they might desire to prepare for the trial of that issue, and the court was informed by counsel they did not desire an extension of time. Under the facts shown by the record, we think the court was fully justified in entering upon the hearing in the manner he did. Sections 3722–3724, 1 Comp. Laws.

We now come to the other question in the case: Did the court err in counting respondent's Exhibits A, B, and C for the relator? Counsel say that under "*f*" and "*g*" in *Attorney General* v. *Glaser*, 102 Mich. 405 (61 N. W. 648), and *Christopherson* v. *Common Council of Manistee*, 117 Mich. 125 (75 N. W. 445), these ballots ought not to have been counted. We have the original ballots before us. They are all marked in the circle at the head of the ticket. A blue pencil was used to make the marks. Exhibit A is marked with a cross. It looks as though the

voter first made a cross, and, thinking he had not marked it plainly enough, repeated the marking substantially over the first marking. The other two tickets are marked with a cross in the circle. The markings look as though they might have been made with a blue pencil the lead of which was so broken that two points projected so as to make marks upon the ballot; or the voter may have made the cross with a down and up stroke in making each mark. There is nothing in the marking to distinguish the ballot from other ballots. If these ballots are to be rejected, the ballots of a large number of voters who do not have occasion to use pen and pencil very often would have to be rejected.

The judgment is affirmed.

The other Justices concurred.