ULRICH v. GALVESTON–SEEBURG ELEC-
TRIC PIANO CO.   (No. 7460.)

(Court of Civil Appeals of Texas. Galveston.
Nov. 12, 1917.)

1. APPEAL AND ERROR ☞758(3) — ASSIGN-
MENTS OF ERROR—SUFFICIENCY.
    Assignments of error contained in a brief should, under Rule 29 for Courts of Civil Appeals (142 S. W. xii), be separately numbered.

2. APPEAL AND ERROR ☞1039(4)—REVIEW—
HARMLESS ERROR.
    In an action for rescission of a contract of sale, a ruling that fraud on the part of the seller was not alleged is harmless, where the evidence disclosed that there was no fraud. •

3. SALES ☞120—RESCISSION—RIGHT.
    While there is an implied warranty of the fitness of an article sold for the purpose for which it was intended, yet, even where there is a warranty of fitness or quality and the article proves inferior, the purchaser cannot rescind and return the article, but is restricted to an action for damages unless the seller was guilty of fraud.

4. SALES ☞129—ACTIONS—REPUDIATION.
    The buyer cannot repudiate a contract of sale by asking rescission, and at the same time affirm it by seeking damages for breach of an alleged warranty, but must either rescind as a whole or accept the contract and rely on the breach of warranty as a basis for damages.

5. SALES ☞439 — BREACH OF WARRANTY —
DAMAGES—ALLOWANCE.
    Where there was no proof tending to show the difference between the value of an electric piano player delivered and that called for by the alleged contract or that the instrument delivered was without value, damages cannot be awarded the buyer on account of breach of warranty; there being no evidence showing any item of damage suffered by him.

    Error from District Court, Galveston County; Robt. G. Street, Judge.

    Action by Matt Ulrich against the Galveston-Seeburg Electric Piano Company, which counterclaimed. From a judgment for defendant, plaintiff brings error. Affirmed.

    Stewarts, of Galveston, for plaintiff in error. McDonald & Wayman and C. G. Dibrell, all of Galveston, for defendant in error.

    GRAVES, J.   This writ of error is prosecuted from an adverse judgment of the court below in a suit brought by plaintiff in error to rescind a contract for the purchase of an electric player piano, and for recovery of the partial payments made and the cancellation of his notes given for the balance of the agreed price. While his petition contained a general allegation of and prayer for $2,000 as

damages, that claim was neither followed up nor substantiated by any proof, and the case was essentially ·and concededly one for rescission of the contract of sale.

    Of the total purchase price of $2,000, $200 had been paid in cash, and the remainder evidenced by 23 monthly notes of $85 each, of which 4 had been paid as they matured and 2 more had become past due before filing of the suit.

    As ground for rescission and cancellation, plaintiff in error in substance alleged that he purchased the piano of defendant in error under a warranty by the latter that it would furnish satisfactory music for the period of one year and that he would keep it in first-class condition during that time; that, knowing nothing of electric pianos, and relying wholly upon the representations of defendant in error and his agents, plaintiff in error had purchased the piano; that it failed to give satisfaction from the outset, but defendant in error assured him that the trouble could and would be adjusted, and the piano remained in service, and various attempts were made to adjust it to play properly, but unsuccessfully; that finally plaintiff in error procured an expert to adjust it and learned from him for the first time that the piano not only did not conform to the warranty upon which it was sold, but that it could not be adjusted to do so because of inherent defects therein; that thereupon, promptly, and without delay, the plaintiff in error demanded cancellation and rescission of the contract of sale and tendered back the piano.

    In reply, defendant in error, after pleading the general issue, denied that it ever made any warranties in respect to the piano, but alleged that it agreed to furnish one of its workmen whenever called upon by plaintiff in error to make adjustments and repairs, and that it did, at all times, furnish such workman when demanded, who made all needed adjustments, and, having done that, it discharged its full duty in the premises. It further alleged that plaintiff in error accepted the piano on or about November 23, 1915, and continuously and daily used it, and was still using it, and that it had no notice from him, until just prior to the institution of the suit, that the piano was not giving entire satisfaction; that it was a well-known make of instrument, ordered by him from a catalogue from the factory, through defendant in error; and that it was ready, willing, and able whenever demanded to make any adjustments and repairs to the instrument that might be needed. It then set up its cross-bill on the unpaid notes and its mortgage lien on the piano to secure them.

    The court, sitting without a jury, rendered judgment refusing rescission and cancellation, and giving defendant in error judgment for the amount of the unpaid notes with

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

foreclosure of its lien on the instrument. Its findings were that there was no warranty and no fraudulent misrepresentations, but the piano company recognized an obligation to keep the instrument in repair for twelve months without charge; and that, although for a time shortly after its purchase repairs and readjustments were necessary and were made by the defendant company, as is usual in case of such delicate and intricate instruments, it was fitted for the purposes intended, and had in fact been used substantially as charged by the piano company in its answer.

[1] The plaintiff in error's brief contains six assignments, the last two being given the same number in violation of Rule 29 for the Courts of Civil Appeals (142 S. W. xii), and each of them constituting an attack upon some different feature of the trial court's fact findings. In response to them we have carefully examined the record, but are unable to say that they point out any reversible error.

[2, 3] The purchase-money notes above mentioned constituted the only written contract between the parties, and no agreement for the return of or to warrant the piano appeared therein; the only reference to the matter being the following provisions:

"Our warranties do not provide for tuning or varnish on cases, neither do warranties of manufacturers. All instruments leave the factory in good tune and there our responsibilities cease, only as shown in the warranty."

The claim of plaintiff in error, therefore, that there was a specific warranty as pleaded by him, rested upon a verbal agreement; but, as already recited, the court found against that contention, and that there was no such warranty. Without detailing the evidence, we think it amply sufficient to support that finding, and are not at liberty to set it aside.

The court's conclusion of law was as follows:

"There was an implied warranty in the sale of the photo piano player of fitness for the purpose for which it was intended, but the court has found as a matter of fact that the instrument was fitted for the purposes intended; hence no action arises for breach of warranty. Moreover, this was an action for rescission and cancellation merely, and where, as in this case, there is no special provision for the return of the article sold, the law, in this state at least, is that in absence of fraud no such right accrues. There is no allegation of fraud in the petition, and no pretense of any in the evidence. I ought to have sustained the general demurrer to the petition. Wright v. Davenport, 44 Tex. 164; Russell v. Walker, 1 White & W. Civ. Cas. Ct. App. § 889; Easterly v. Jones, Id. § 189; Jesse French Piano Co. v. Thomas, 36 Tex. Civ. App. 78, 80 S. W. 1063. Even where warranty of an article goes to its degree of fitness or quality, and it proves inferior, the article cannot be returned to the vendor; the vendee's remedy is by an action for damages. Williams' Transp. Line v. Cole Transp. Co., 129 Mich. 216, 88 N. W. 475, 56 L. R. A. 939."

This finding of the court, both of fact and law, that there was no fraud, is vigorously assailed, and we think successfully so to the extent of showing that it was sufficiently charged in the petition; but that error becomes wholly immaterial, since we find the practically undisputed evidence supports the further finding that it was not proven.

[4] There being, then, neither warranty that the instrument would furnish satisfactory music for one year, nor any fraudulent misrepresentations inducing defendant in error to purchase it, and the suit upon its allegations and developed facts being limited to the asserted right to rescission and cancellation, we agree with the court's legal conclusion, under the authorities therein cited, that plaintiff in error did not show himself entitled to that relief. If he had by appropriate averments in the alternative further set up special damages resulting to him from the failure of the piano to do the work it was sold to do, coupled with a prayer for their recovery, in event rescission was for any reason denied him, and had substantiated the same by proof, a very different case would have been presented. Not having done that, he cannot repudiate the contract of sale by asking rescission, and at the same time affirm it by seeking damages for the breach of an alleged warranty therein, but must either rescind as a whole, or treat the contract as binding and rely upon the warranty as a basis for damages. Kesler v. Robson, 16 Tex. 119; Brantley v. Thomas, 22 Tex. 271, 73 Am. Dec. 264; Blythe v. Speake, 23 Tex. 429; Scalf v. Tompkins, 61 Tex. 476.

[5] But even if it could be said that there was evidence tending to show a warranty and the breach of it, then there was no evidence upon which the trial court could have predicated a judgment allowing plaintiff in error damages, or by which they could have been measured, because there was no proof tending to show the difference between the value of the instrument delivered and that called for by the alleged contract, or that it was without any value, or tending to show any item of damage suffered by him.

From the conclusions stated, it necessarily follows that all assignments must be overruled and the trial court's judgment affirmed, and it has been so ordered.

Affirmed.

