## ROARK et al. v. GENERAL MOTORS ACCEPTANCE CORPORATION et al.

### No. 13682.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 25, 1938.

Rehearing Denied March 25, 1938.

Harris & Martin, of Wichita Falls, for appellants.

Henry P. Edwards, of Dallas, for appellees General Motors Acceptance Corporation and General Exchange Insurance Corporation.

Ray Bland, of Wichita Falls, for appellee Fox Chevrolet Co.

BROWN, Justice.

Appellants were plaintiffs in the trial court, and sued the appellees, George D. Fox, doing business as Fox Chevrolet Company, from whom appellant, Annie E. Roark, purchased a certain Chevrolet sedan, and General Motors Acceptance Corporation, which corporation financed the purchase of said sedan, and General Exchange Insurance Corporation, which corporation carried the required insurance on the sedan; the suit being for the purpose of holding all of such defendants below for damages.

It appears that appellants' sedan was in a collision, which occurred in the state of Oklahoma, and that it was badly damaged. The car was brought to the place of business of the said defendant seller, and after negotiations were had with the representative of the said insurance company, it was agreed that, instead of appellants taking the entire loss provided for under the insurance contract, they would have the car repaired, and that the insurance company

would pay such sum for the repairs as it was obligated to pay. The record discloses that this method of adjustment saved the insurance company less than $12; that being the difference between its liability for total loss and its liability in undertaking to pay for the repairs.

After the total loss had been paid to appellants, they would have obtained in money, after the unpaid purchase price was paid out of the proceeds of the insurance policy, a sum equal to about $52, but they would have been without the use of the car; but if appellants had the car repaired, they would then have the benefit of its use. A full and complete release from all further liability was given the said insurance company by appellants, after repairs were made.

It appears that the car had been driven almost 18,000 miles when the accident occurred, on October 5, 1934. Appellants had been using the car in furtherance of their taxicab business. After the repairs were made, the car was used in such business until appellee General Motors Acceptance Corporation in June, 1935, brought suit to recover the balance of the purchase price due and unpaid on the car, and to foreclose the chattel mortgage executed to secure such debt, and sequestrated the car. It appears that appellants gave a replevy bond and took charge of the car and continued to use it in their business, until judgment for debt and foreclosure was had, in October, 1935, and through the offices of an order of sale, on November 9, 1935, the sheriff of Wichita county seized the car and sold it at public vendue, to said General Motors Acceptance Corporation; it being the highest and best bidder.

Appellants lay their right to recovery as against the three named appellees on this theory; namely, that Fox Chevrolet Company represented to them that after the repairs were made, the car would be in as good condition as it was before the accident, and that the other appellees likewise represented that the car could be repaired so as to make same as good as a new car, or as good as it was before the accident. They further alleged that the representative of the insurance company promised, when the agreed settlement was had and the release was executed, that the repairer, which was the Chevrolet Company, would give appellants a written guarantee on the repairs. They further allege that the car was not new when sold; that after it was repaired it was not in a usable condition; that

she spent large sums of money in an effort to repair it so as to be able to use it; that all of said defendants knew appellants were using the car in their taxicab business; that they lost large sums of money because the car was not repaired as promised to be done.

At the conclusion of taking of evidence, the defendants requested peremptory instructions in their behalf, which requests were refused.

The case being tried to a jury, thirteen special issues were submitted. Many objections were made to the submission of these issues by the several defendants. The jury found in answer to issue No. 1 that the car was not in substantially as good condition after it was repaired as it was before the accident; to issue No. 2, the appellants spent $200 in an effort to put the car in as good condition as it was before the collision; to issue No. 3, that the car was not defective when sold; to issue No. 4, that the representative of the insurance company did not promise appellants to secure a written guarantee of the repairs; to issue No. 5, that the reasonable cash market value of the car before the collision was $650; to issue No. 6, that such value after the collision was $200; to issue No. 7, that the reasonable cash market value when same was delivered to appellants, after being repaired, was $450; to issue No. 8, that the cash market value of the taxicab business immediately before the collision was $750; to issue No. 9, that such value after the car had been repaired, following the collision and replacing in service, was $50; to issue No. 10, that the failure of the Fox Chevrolet Company to properly repair the car was in part responsible for the decrease in the taxicab business; to issue No. 11, that such decrease, for which the repairer was responsible, is 25 per cent.; to issue No. 12, that the car could not have been properly repaired to substantially the same condition in which it was prior to the collision; and to issue No. 13, that all of the defendants below and appellees here acted together in securing a settlement of the insurance claim and repairing of the car. All parties moved for judgment. The motions of the three appellees were for judgment notwithstanding the verdict. The judgment of the court recites that all motions were duly heard and considered. The trial court rendered judgment that the plaintiffs take nothing against the three defendants, or against any one of them.

The cause was brought to us on a writ of error by plaintiffs below. We find six assignments of error in appellants' brief. The first assignment asserts that the judgment in favor of the Fox Chevrolet Company is error, because the verdict of the jury was sufficient to show liability on the part of said company, for a breach of its contract to so repair the car as that it would be in as good condition after the repairs as it was before it was damaged; that the evidence was undisputed that the repairer contracted with appellants to so repair the car. We are frank to say that this record presents a rather novel situation.

The plaintiffs below and appellants here make no complaint of the submission of any issue, nor do they complain that any finding made by the jury is not supported by the evidence. Here in the first assignment of error, the plaintiffs attempt to stand upon the verdict and contend that it supports a judgment in appellants' favor. No issue was tendered, and therefore no finding was made to the effect that Fox Chevrolet Company represented to the plaintiffs that the car would be repaired so that it would be in as good condition as it was before the accident. If we understand this suit, it appears to us that this was a controlling issue. It is not one merely incidental to plaintiffs' recovery. Appellants insist that the evidence on the issue is undisputed. If it can be said that such evidence is undisputed, and that this case presents one in which the trial court could make a finding on such issue because it was undisputed, even then we are confronted with the further finding by the jury that the car could not have been repaired so as to put it in substantially the same condition as it was before the accident. Thus, we are confronted with a record that discloses that the repairer contracted, or promised to do something that was impossible.

■■ Under such conditions, what is the measure of damages? Most certainly it cannot be said that a decrease in appellants' taxicab business is an element of damages that may be recovered. Appellants may not be heard to say that they lost money in endeavoring to use an automobile in their business because it was not repaired as was contracted to be done, and hold the repairer for the loss, when it further appears that it was impossible to do the thing contracted for. If this car could not be placed in substantially the same condition as it was before the accident, all of which

the jury has found, what has the owner lost for which the repairer is responsible? It would seem to us to be the difference between what the owner paid for the repairs and the actual value of the repairs when made. We see no escape from this conclusion, and we find that in the trial court the cause was not presented on this theory.

Because of the view that we take of this case, we feel that the judgment of the trial court should be reversed, in so far as the liability of the Fox Chevrolet Company is concerned, and that said cause should be remanded for a new trial, as to such defendant below.

Without discussing separately and minutely the remaining assignments of error, we have concluded that the judgment, in so far as it affects the General Motors Acceptance Corporation and the General Exchange Insurance Corporation, should be affirmed.

■ The only issue submitted to the jury that could possibly result in a finding on which the said insurance company could be held was issue No. 4, predicated on the theory that the representative of such insurance company promised appellants to secure a written guarantee of the repairs made on the car. This was the theory on which the insurance company was sought to be held for damages; but the jury found that no such promise was made.

■ The only theory on which the three defendants could be held jointly for any damages was submitted to the jury under issue No. 13, under which the jury found that all of the defendants acted together in securing a settlement of the insurance claim, and the repairing of the car. The evidence is insufficient to support the giving of any such issue and the finding made by the jury is immaterial and wholly insufficient to charge the said defendants with any damages or loss. The record simply discloses that the insurance company settled with appellants in the manner which was chosen by and agreeable to appellants, and that the General Motors Acceptance Corporation had no part whatever in effecting such settlement.

In the case of Colbert v. Dallas Joint Stock Land Bank of Dallas, 102 S.W.2d 1031, the Commission of Appeals reversed and remanded the cause for a new trial, under conditions so nearly akin to those confronting us that we feel constrained to follow the lead thus given. In that opinion

**614**

the Commission cites the case of Williams v. Safety Casualty Co., 102 S.W.2d 178, by the Commission of Appeals.

For the reasons given, the judgment of the trial court, in so far as it affects appellees General Motors Acceptance Corporation and General Exchange Insurance Corporation, is affirmed, and the judgment of the trial court as to Fox Chevrolet Company is reversed and remanded.