Tom C. PATTEN, Appellant,

v.

RICHARDSON FORD, INC., Appellee.

No. 546.

Court of Civil Appeals of Texas,
Tyler.

April 29, 1971.

Rehearing Denied May 20, 1971.

Kenneth R. King, Tyler, for appellant.

Ramey, Brelsford, Flock, Devereux & Hutchins, Mike A. Hatchell, William V. Jeffus, Tyler, for appellee.

MOORE, Justice.

Appellant Tom C. Patten instituted this suit against appellee Richardson Ford, Inc. for damages alleged to have accrued to him on account of the failure of appellee to comply with the parol contract under which appellee agreed to repair appellant's automobile and restore it to the same condition as before the same was damaged in the collision. Appellant alleged that he agreed to pay appellee for such repair and restoration a sum of money equal to the reasonable cost of the parts and labor and that appellee failed to repair and restore the automobile as agreed. He specifically itemized his damages as follows: (1) the sum of $282.26 for parts and labor which were defective, faulty, incomplete or unnecessary, (2) the sum of $100.00 owed appellee upon an open account for parts and labor which were defective, faulty, incomplete or unnecessary, (3) the sum of $63.40 paid to appellee by appellant for parts and labor which were defective, faulty, incomplete or unnecessary, (4) the sum of $540.61 for necessary parts and labor to repair and restore such automobile in conformance with such contract, (5) the sum of $103.89 paid the plaintiff for repairs on such automobile which repairs were useless, (6) the sum of $120.00 for the loss of use of the automobile, and (7) the sum of $211.07 which was the sum necessary to partially so repair and restore the automobile after appellee's failure to repair in accordance with the contract. Appellee leveled special exceptions at each of the foregoing allegations on the ground that same were vague and indefinite and did not apprise appellee of sufficient facts in order to prepare its defense. Appellee also excepted on the ground that the allegations were immaterial and irrelevant to the proper measure of damages in the case. The trial court sustained all of appellee's exceptions except those directed at item 6 of the appellant's petition. Appellant refused to amend, and upon motion of appellee, the trial court dismissed the suit. The order of dismissal recites that in view of appellant's refusal to amend, the amount in controversy was below the jurisdiction of the court. Appellant perfected this appeal.

Appellant contends that the court erred in sustaining the exceptions because the exceptions failed to point out the particular defect or omission in his petition and that the petition was sufficient to state a cause of action. We affirm the judgment of the trial court.

The trial judge is vested with broad discretion in hearing, construing and granting special exceptions. Southern Underwriters v. Hodges, 141 S.W.2d 707, 711 (Tex.Civ. App., Waco, 1940, writ ref.); Cruz v.

Ansul Chemical Company, 399 S.W.2d 944, 949 (Tex.Civ.App., Corpus Christi, 1966, writ ref., n. r. e.).

While a party is not required to allege his measure of damages, he is required to allege damages in such a manner as to (1) apprise his adversary of the claim asserted against him (2) so that a correct measure of damages may be fitted to the allegations. 17 Tex.Jur. 259, "Damages", sec. 192; Tinney v. Williams, 144 S.W.2d 344 (Tex.Civ.App., Amarillo, 1940, no writ). Appellant's petition seems to request a recovery upon two theories. First, appellant alleges that appellee breached its contract of warranty in failing to restore the automobile to the same condition as before the collision. Under this theory, appellant's damages would be measured by the difference between what appellant paid the appellee for work done and the amount (or the value thereof) necessary to put the automobile in the condition contemplated by the contract. Manzer v. Barnes, 213 S.W. 2d 464, 468 (Tex.Civ.App., Amarillo, 1948, n. w. h.); 25 C.J.S. Damages, paragraph 79a, p. 875; 51 Tex.Jur.2d 141–144, "Sales", sections 352–353. In order to recover damages upon this theory, appellant had the burden of proving not only the reasonable and necessary cost of such repairs, but also had the burden of proving the type and extent of the additional repairs which would be necessary to restore the automobile to its original condition. Nowhere in his petition does appellant state the deficiencies or the type or extent of the additional repairs necessary, except for the fact that the radiator leaked. When confronted with a claim of this nature, it seems that appellee should be entitled to some notice of the nature of the repairs which appellant claimed to be necessary. Furthermore, it seems that appellee would be entitled to some notice of which part of the automobile appellant claims appellee failed to restore to its former condition, i. e., whether the motor, body, frame or other mechanisms. Otherwise appellee would be at a loss to know what type of proof would be necessary in order to defend itself. The petition merely states that appellee failed to restore the automobile. In addition, appellant's pleadings are confusing. For instance, he pleads that it will be necessary for him to expend the sum of $540.61 to restore his automobile to its former condition. He then alleges that the sum of $211.07 will be necessary for "partial" restoration. The pleadings are not in the alternative and no explanation is given as to why he seeks to recover damages for both full and "partial" restoration. For these reasons we are not prepared to hold that the trial judge abused his discretion in sustaining the exceptions as to this particular theory of recovery.

With respect to the second theory of recovery, appellant's petition may be construed as a cause of action for defective repair or failure to repair in a workmanlike manner. Under this theory of recovery, the measure of damages would be the difference between what the owner paid for the repairs and the actual value of the repairs made. Manzer v. Barnes, supra; Roark v. General Motors Acceptance Corporation, 114 S.W.2d 611 (Tex. Civ.App., Fort Worth, 1938, dismissed).

The allegations of damages supporting this theory are found in items 1, 2, 3 and 5. Nowhere, however, does the petition identify the parts which are alleged to be defective, faulty, incomplete or unnecessary. Except for a defective radiator, the pleadings do not indicate whether the alleged defective parts are located in the motor or on other parts of the automobile. For this reason they do not afford fair notice of his claim. In addition the pleadings are confusing in that items 3 and 5 appear to be a duplication of items 1 and 2. If the pleadings are not duplicitous, no explanation is given as to why the various items of damages are broken down in such manner. If the pleadings are duplicitous, the amount in controversy under this theory of recovery would be below the jurisdiction of the court, especially since loss of use

of the automobile as alleged in item 6 would not constitue a part of the damages. Roark v. General Motors Acceptance Corporation, supra. Viewing the petition as a whole, we think the allegations of damages are vague, indefinite and confusing and fail to state sufficient facts in order to allow appellee to prepare its defense. For the reasons stated we are of the opinion that no abuse of discretion is shown.

Accordingly, the judgment of the trial court is affirmed.