Bert A. SMITH et al., Appellants,

v.

Kerry KINSLOW et ux., Appellees.

No. 20191.

Court of Civil Appeals of Texas, Dallas.

April 16, 1980.

Larry B. Bach, Forney, for appellants.

Edward M. Snyder, Jr., Yarborough, Hinds, Shahan & Snyder, Dallas, for appellees.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

GUITTARD, Chief Justice.

This appeal concerns damages for breach of an express warranty of repairs of a vehicle under section 17.50 of the Deceptive Trade Practices Act as amended in 1977, 1977 Tex.Gen.Laws, ch. 216, § 5, at 603. The question is whether plaintiff is entitled to recover as actual damages the amount paid to defendant for repairs found to be worthless without proving the amount required to put the vehicle in the warranted condition. We hold that proof of the amount paid is sufficient. We hold also that the trial court erred in awarding treble damages in addition to actual damages. Accordingly, we modify the judgment by reducing the amount of damages to three times the amount of actual damages found.

The trial was without a jury, and the judge filed findings and conclusions from which the following facts are taken. Defendant repaired plaintiffs' vehicle and warranted such repairs for six months or 6,000 miles, whichever should come first. Plaintiffs paid $554.45 for the repairs made and warranted. Within the period of the warranty, the vehicle ceased functioning because of a defect covered by the warranty. Defendant failed and refused to honor the warranty, but, instead, disassembled the vehicle and caused plaintiffs to be deprived of all benefits contracted for in exchange for the payment of $554.45. On these findings, the court concluded that plaintiffs were entitled to recover treble damages and an attorney's fee under the Deceptive Trade Practices Act, that the amount of the damages was $554.45, and that a reasonable attorney's fee was $750. Judgment was rendered for actual damages of $554.45, treble damages of $1,663.35, and an attorney's fee of $750.

*Damages for Breach of Warranty*

Defendant contends on this appeal that the measure of damages for breach of the warranty is the reasonable cost of repairing the vehicle after breach of the warranty so as to put it in the warranted condition, and insists that no proof of the reasonable cost of such repairs was offered. Plaintiffs contend that since the proof showed and the court found that plaintiffs were deprived of all benefits of the repairs, the measure of their damages is the amount they paid.

Neither of the parties has cited authority governing the measure of damages for breach of a warranty of repairs. Our research has revealed much confusion on the subject, and, consequently, we have had to resort to general principles. A suit for breach of express warranty is based on a contract, and, therefore, is governed by the law of contracts. See *Jones v. George*, 61 Tex. 345, 350 (1884); *Swift & Co. v. Bennett*, 373 S.W.2d 569, 571 (Tex.Civ.App.—Texarkana 1963, writ ref'd n. r. e.). The general principle governing damages for breach of contract is that the complaining party is entitled to recover the amount necessary to put him in as good a position as if the contract had been performed. 5 A. Corbin, Contracts, § 992 (1964); see *R. G. McClung Cotton Co. v. Cotton Concentration Co.*, 479 S.W.2d 733, 738 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.). Most applications of this principle to express warranties have involved sales. In the case of a sale of personal property the measure of damages is the difference between the cash market value of the article as delivered and what its value would have been if it had been as warranted. *Wright v. Davenport*, 44 Tex. 164, 167 (1875); *Ash v. Beck*, 68 S.W. 53, 55 (Tex.Civ.App.—San Antonio 1902, no writ). This measure of damages also applies to a seller's breach of warranty under section 2.714(b) of the Uniform Commercial Code, Tex.Bus. & Com.Code Ann. § 2.714(b) (Tex.UCC) (Vernon 1968). *Melody Home Mfg. Co. v. Morrison*, 502 S.W.2d 196, 202 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.). In the absence of other proof of market value as warranted, the price agreed on between the parties

may be taken as the market value of that for which the parties contracted. *McCown v. Jennings*, 209 S.W.2d 408, 411–12 (Tex. Civ.App.—Fort Worth 1948, no writ); *Ash v. Beck, supra*, at 55; *see Hutchinson v. Texas Aluminum Co.*, 330 S.W.2d 895, 898 (Tex.Civ.App.—Dallas 1959, writ ref'd n. r. e.).

■ If an article sold and warranted has some value, the complaining party is not entitled to recover the full amount he has paid, but is limited to the difference in value as above stated. *Hendricks v. Moore*, 156 Tex. 570, 297 S.W.2d 811, 813 (1957); *Wright v. Davenport, supra*, at 167. On the other hand, if the article has no value at all, then the amount paid may be recovered. *Ash v. Beck, supra*, at 55. This rule may be harmonized with the difference-in-value rule on the theory that if the amount paid represents the value as warranted and the article as delivered had no value, the difference in value would be the same as the amount paid.

■ Whether the same rules apply to a warranty of repairs is not clear. Varying statements concerning the measure of damages in such cases appear in the opinions of the courts of civil appeals. In *Roark v. General Motors Acceptance Corp.*, 114 S.W.2d 611, 613 (Tex.Civ.App.—Fort Worth 1938, writ dism'd), it is said that if the article to be repaired cannot be put in the condition promised, the measure of damages is the difference between what the owner paid and the actual value of the repairs when made. Statements can also be found to the effect that the measure of damages for breach of warranty of repairs is the difference between what the owner paid for the work and the amount necessary to put the article in the warranted condition. *Winkler v. SAR Mfg. Co.*, 508 S.W.2d 107, 109 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); *Patten v. Richardson Ford, Inc.*, 466 S.W.2d 820, 822 (Tex.Civ.App.—Tyler 1971, no writ); *Manzer v. Barnes*, 213 S.W.2d 464, 468 (Tex.Civ.App.—Amarillo

1948, no writ). This rule would be nonsense if applied literally. For example, if the price paid was $500 and the only breach is a minor defect that can be remedied for $25, the difference would be $475. On the other hand, if the amount paid for repairs and the amount necessary to put the article in the warranted condition are the same (as, conceivably in this case), there would be no difference between the two, and, consequently, no recovery. Probably the intent of these opinions is to hold that the measure of damages is either the cost of new repairs necessary to put the vehicle in the warranted condition or the difference between the price paid for the repairs (assumed to be the value of the repairs as warranted) and the value of the repairs as done, whichever is less. *See Orr Chevrolet, Inc. v. Courtney*, 488 S.W.2d 883, 886 (Tex.Civ.App.—Texarkana 1973, no writ). On this theory, damages may be established by proving the amount paid for the repairs and their entire lack of value, the measure apparently adopted by the trial judge in this case. This measure is supported by *Manzer v. Barnes*, 237 S.W.2d 686, 687 (Tex.Civ.App.—Amarillo 1950, no writ).

Although the opinions above discussed seem to apply a difference-in-value measure of damages to breach of a contract to make repairs, we are of the opinion that in most cases the reasonable cost of remedying the defects, or of getting the whole job done elsewhere if there has been a complete failure of performance, is a more precise formulation of the general principle of contract law that the aggrieved owner is entitled to be placed in as good a position as if the contract had been performed. This is the recognized measure for breach of a contract for construction of a building. *McKnight v. Renfro*, 371 S.W.2d 740, 745 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.) (part performance); *Stanley v. Lieb*, 243 S.W.2d 227, 229 (Tex.Civ.App.—Eastland 1951, no writ) (complete failure of performance).

■ The same recovery may result from a difference-in-value measure if ap-

plied to the value of the repairs rather than the value of the article to be repaired. The value of repairs can properly be determined by proof of the market price of the repair work contracted for, that is to say, reasonable cost of repairs if done by another repairman. The repairs contracted for may not increase the value of the article by an equivalent amount, as in the case of an old or damaged vehicle that would not be worth as much repaired as the cost of the repairs necessary to put it in good operating condition. But, since the owner is entitled to the benefit of his contract, the repairman should not be heard to say that the vehicle was not worth repairing. Consequently, we are of the opinion that the reasonable cost of remedying defective repair work is a more precise formulation of the measure of the aggrieved owner's compensation for defective repair work.

■ Nevertheless, we cannot say that a difference-in-value formulation is not also permissible. Since, as above pointed out, the value of the repairs if properly done (as distinguished from the increased value of the article to be repaired) should be the same as the reasonable cost of obtaining such repairs elsewhere, a difference-in-value measure would produce the same result. If the repairs as done are found to be entirely worthless, the owner has been deprived of the full value of the repairs warranted, and, consequently, it is reasonable to say that recovery of that value may be taken as the amount necessary to place him in as good a position as if the repairs had been properly made. The question here, therefore, is whether the trial court's findings, which are not challenged for lack of evidence, establish the value of the repairs as warranted and also that the repairs as done had no value.

■ We have little difficulty interpreting the trial court's findings as establishing that the repairs as done had no value. The court found that the vehicle ceased functioning because of a defect covered by the warranty and that defendant refused to honor the warranty, but instead, disassembled the vehicle and caused plaintiffs to be deprived of all the benefits for which they contracted.

■ We conclude also that the court's findings establish that the value of the repairs as warranted was $554.45. In this respect the case is analogous to cases in which it was held that the price agreed on for the sale of goods may be taken as the market value of the goods for which the parties contracted. *McCown v. Jennings*, 209 S.W.2d 408, 411–12 (Tex.Civ.App.—Fort Worth 1948, no writ); *Ash v. Beck*, 68 S.W. 53, 55 (Tex.Civ.App.—San Antonio 1902, no writ). Of course, the owner may recover the reasonable cost of obtaining the repairs elsewhere if he makes the necessary proof, even though that cost may be more than the agreed price, because such a recovery may be necessary to give him the full benefit of his contract. The repairman, however, is hardly in a position to assert that the price he charged was more than the reasonable value of the work he agreed to do. Consequently, if the owner elects to base his damages on the contract price, the repairman has no valid ground to object that the proper amount of damages has not been proved. We hold that under the findings in this case plaintiffs were entitled to recover the amount paid without proof of the reasonable cost of the repairs necessary to put the vehicle in the warranted condition.

We do not decide whether in the present case plaintiffs were entitled to rescind the contract and recover the amount paid because of a material breach, since that remedy was not sought in the trial court or in this court. Neither do we decide whether such rescission and restoration of consideration would provide a proper basis for recovery of treble damages under subdivision (1) of section 17.50(b) of the Deceptive Trade Practices Act, as distinguished from subdivision (3), which authorizes the court to restore the consideration paid.

*Treble Damages and Actual Damages*

Defendant contends further that the court erred in awarding plaintiffs treble damages in addition to actual damages thus, in effect, quadrupling the actual damages. Plaintiffs seek to justify the judgment for actual as well as treble damages on the theory that both are authorized by section 17.50(b) of the Deceptive Trade Practices Act. This section, they point out, provides that a consumer who prevails may obtain several types of relief, including "(1) three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended" and "(3) orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of this subchapter." Plaintiffs argue that this section permits the trial court to award both actual damages and treble damages.

 We conclude that the statute is not reasonably susceptible to this construction. The supreme court has characterized section 17.50(b) as making available a "list of alternative remedies" from which the consumer may choose. *Woods v. Littleton*, 554 S.W.2d 662, 668–69 (Tex.1977). If he sues for "actual damages," subdivision (b)(1) authorizes recovery of three times the amount of actual damages proved, and, according to *Woods*, trebling the amount of damages is mandatory.[1] There is no separate provision for "actual damages" in addition to "three times the amount of actual damages." Consequently, we hold that an additional recovery of actual damages is not authorized.

 Neither can the judgment of quadruple damages be justified on the theory that the court allowed restoration of the consideration paid under subdivision (3) as well as three times actual damages under subdivision (1). Since the Act does not define "actual damages" as that term is

used in subdivision (1), we interpret this expression to mean common-law damages. *United Postage Corp. v. Kammeyer*, 581 S.W.2d 716, 722 (Tex.Civ.App.—Dallas 1979, no writ). As we have held above the amount of damages for breach of warranty at common law is the amount that will give the complaining party the full benefit of the contract, and in this case, since the repairs contracted for were worthless, plaintiffs are entitled to the amount they paid on the theory that the agreed price represents the value of that for which they contracted. On the other hand, restoration of the consideration paid, as authorized by subdivision (3), is a statutory recognition of the equitable remedy of rescission and restitution, based on the theory that the complaining party may elect to avoid the contract, surrender any benefits received, and recover that he parted with. The two remedies in this case may involve the same amount. *See Hallwood Cash Register Co. v. Berry*, 35 Tex.Civ.App. 554, 80 S.W. 857, 858–59 (1904, no writ). Nevertheless, they are mutually exclusive, since one is based on recovery of the benefits under the contract and the other on avoidance of the contract. *Jenkins v. Northwestern Pipe & Supply Co.*, 299 S.W. 857, 859 (Tex.Comm'n App.1927, holding approved); *Ulrich v. Galveston-Seeberg Electric Piano Co.*, 199 S.W. 310, 311 (Tex.Civ.App.—Galveston 1917, no writ). Consequently we hold that in a suit for breach of warranty, the complaining party may recover three times his actual damages under subdivision (1) or restoration of the consideration paid under subdivision (3), but not both.

 We recognize that since section 17.-50(b) is not phrased in the disjunctive, the remedies enumerated in its four subdivisions are not expressly made mutually exclusive. Thus, treble damages under subdivision (1) may not preclude an injunction under subdivision (2) restraining future deceptive trade practices. The relief sought

---

1. This case is not affected by the 1979 amendments to the Act, which limit the recovery of treble damages. *See* Tex.Bus. & Com.Code Ann. § 17.50(b) (Vernon Supp.1980).

in the particular case must be examined to determine whether inconsistent remedies are sought. In any event, we hold that where damages are sought under subdivision (1), as in this case, recovery is limited to three times the amount of actual damages proved, with court costs and attorney's fees, and that quadruple damages cannot be recovered by claiming also restoration of the consideration paid under subdivision (3).

The judgment of the trial court is modified by reducing the total amount of the recovery from $2,967.80 to $2,413.35 and by taxing one-half of the costs of the appeal against plaintiffs. Otherwise the judgment is affirmed.

Modified and affirmed.