WHIRLPOOL CORPORATION,
Appellant,

v.

TEXICAL, INC., Appellee.

No. 1983.

Court of Appeals of Texas,
Corpus Christi.

Sept. 16, 1982.

John Wm. Black, Cox, Wilson, Black & Roerig, Brownsville, for appellant.

William E. Corcoran, Cardenas & Whitis, McAllen, for appellee.

Before NYE, C.J., and BISSETT and YOUNG, JJ.

## OPINION

NYE, Chief Justice.

This case involves the Deceptive Trade Practices Act.[1] In 1977, appellant Whirlpool Corporation sold to appellee Texical, Inc., on open account, a number of appliances for use in an apartment project (Maple Manor) in McAllen. Included in the sale were sixty manual defrost refrigerators.

Texical was dissatisfied with the quality and performance of the manual refrigerators because they required frequent defrosting and their freezer compartments failed to keep foods frozen. They complained to Whirlpool that the units were defective. After service efforts failed to remedy the problems, Texical wanted to return the manual defrost refrigerators to Whirlpool in exchange for slightly more expensive cycle defrost models, with the understanding that Texical would receive credit for the full purchase price of the rejected units. Whirlpool refused. Texical eventually purchased twenty new cycle defrost refrigerators to replace the most troublesome of the cheaper models.

The total price for Whirlpool appliances purchased for Maple Manor, including the replacement refrigerators, was $28,763.70. Payments and credits on the account totaled $19,690.50. After the dispute over the refrigerators arose, Texical apparently refused to pay the remainder of $9,073.20.

Whirlpool brought the instant action as a suit on a sworn account. Rule 185, T.R.C.P. Texical answered with the required verified denial and counterclaimed for damages under the DTPA.

At trial and in response to special issues, the jury found, inter alia, that Whirlpool had committed a false, misleading or deceptive act or practice in connection with the sale of the refrigerators and that Texical had sustained damages in the amount of $11,740.00 as a result. Pursuant to the then-operative version of the DTPA, the trial court entered judgment on the verdict and ordered that Texical recover treble the actual damages found by the jury. The trial court went on to declare the contract (at least partially) rescinded and ordered the return of fifty-four of the manual defrost refrigerators to Whirlpool, with transportation at Whirlpool's expense. In conjunction with the rescission, the court ordered that Whirlpool take nothing by its claim against Texical. Whirlpool has perfected this appeal.

■ In its first two points of error, Whirlpool contends that the trial court erred in granting both recovery of treble

---

1. Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* The Act as it stood after the 1977 amendments is the version applicable to this cause. See 1977 Tex.Gen.Laws, ch. 216, at 600–605 and 1973 Tex.Gen.Laws, ch. 143, at 322–343.

damages under the DTPA and a rescission of the contract, and therefore erred in failing to offset Whirlpool's claim on the sworn account against Texical's damages. Whirlpool's argument under these points is "that these remedies are not cumulative but are inconsistent." In support of its position, Whirlpool cites *Smith v. Kinslow,* 598 S.W.2d 910 (Tex.Civ.App.—Dallas 1980, no writ).

In the *Smith* case, the trial court awarded the plaintiffs actual damages *plus* three times actual damages under the DTPA for a breach of warranty of repairs. The amount of damages was found to equal the price plaintiffs paid for the work done. On appeal, the plaintiffs sought to justify the judgment by pointing out that section 17.-50(b) provides for several types of relief, including "(1) three times actual damages ...," and "(3) orders necessary to restore ... any money ... which may have been acquired in violation of the act." Concerned about the effective quadrupling of damages, the Court of Civil Appeals for the Fifth Supreme Judicial District reversed the judgment, holding that "in a suit for breach of warranty, the complaining party may recover three times his actual damages under subdivision (1) or restoration of the consideration paid under subdivision (3), but not both." 598 S.W.2d at 915.

This case is profoundly different from *Smith v. Kinslow, supra.* There, the plaintiffs sought to justify quadrupling their damages for the same wrongful act by claiming two different remedies under section 17.50(b). Here, Texical successfully asserted, in defense to the sworn account, a claim of failure of consideration, and, in addition, alleged the DTPA violation by way of counterclaim.

The substance of the trial court's judgment denying Whirlpool relief on its sworn account claim was to sustain Texical's affirmative defense, excusing it from liability for future performance. The award of treble damages was based upon the finding that Whirlpool violated the DTPA in a manner that was compensable by a provision of section 17.50(b).

So we have two different theories and two events that are relied upon: 1) failure of consideration in connection with the inability of the refrigerators to function as expected; and 2) the DTPA violation concerning Whirlpool's representations about the appliances. We do not have the problem of excessive recovery that existed in *Smith v. Kinslow,* because the trial judge ordered Texical to return the refrigerators involved to Whirlpool.

Section 17.43 of the DTPA has always read, in part: "The provisions of this subchapter are not exclusive. The remedies provided in this subchapter are in addition to any other procedures or remedies provided for in any other law; ..." We hold that, in this instance, the granting of the partial rescission and the award of treble damages under the DTPA are not incompatible. Whirlpool's first and second points of error are overruled.

By its two remaining points, Whirlpool asserts there is "no evidence" and/or "insufficient evidence" to support the jury's finding of damages to Texical in the amount of $11,740.00.

 In review of "no evidence" points, we must view the evidence in the light most favorable to the verdict, considering only the evidence supporting the damage finding and rejecting all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). In determining whether the evidence is "factually sufficient," we, of course, must consider all the evidence. *Garza v. Alviar, supra; In re King's Estate, supra.* Carefully reviewing the record with these standards in mind, we find that the evidence is factually sufficient to support the jury's findings on the amount of damages.

The jury had before them testimony from both sides concerning the price paid for the refrigerators and the value of the units as delivered. It is conceded that Texical incurred storage costs of $700.00. The jury could infer that the purchase price was the cash market value at the time of sale. As

**58**

the factfinder, the jury was entitled to accept or reject all or part of the testimony of any of the witnesses, including that about the value of the refrigerators. Whirlpool's third and fourth points of error are overruled.

The judgment of the trial court is AFFIRMED.