Dave **VOGELSANG**, Appellant,

v.

**REECE IMPORT AUTOS, INC.**, Appellee.

No. 05–86–00672–CV.

Court of Appeals of Texas, Dallas.

July 31, 1987.

Neil A. Bickley, Richardson, for appellant.

Karen E. McRae, Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

HOWELL, Justice.

Appellant, Dave Vogelsang (Vogelsang), sued appellee, Reece Import Autos, Inc., (Reece), under the Texas Deceptive Trade Practice—Consumer Protection Act (DTPA)[1] for damages relating to allegedly faulty automotive paint work performed by Reece. At the close of Vogelsang's case in chief, Reece moved for an instructed verdict, asserting that Vogelsang had failed to present sufficient evidence of damages to require the submission of an issue thereon. The trial court granted Reece's motion and entered a take-nothing judgment on the instructed verdict.

On appeal, Vogelsang asserts that the trial court erroneously granted the instructed verdict because there was sufficient evidence to support the submission of jury issues on damages and attorney's fees. Because we agree, we reverse and remand for a new trial.

In his first two points of error, Vogelsang contends that he presented sufficient evidence of damages to preclude an instructed verdict. Under the DTPA, the accepted manner of proving damages in a case involving defective repairs to an automobile or other personal property is to show either the difference between market value of the performance contracted for versus the market value of the performance received, or the reasonable cost of remedying any defect in the performance. *Harrison v. Dallas Court Reporting College, Inc.*, 589 S.W.2d 813, 816 (Tex.Civ. App.—Dallas 1979, no writ).

However, there is a third method of proving damages. If the consumer has paid for a performance that was never received, he may elect to claim as his damages the amount paid. Likewise, when he has received a performance that was worthless, he may invoke the same measure of damages. *Smith v. Kinslow*, 598 S.W.2d 910, 914 (Tex.Civ.App.—Dallas 1980, no writ).

Consumer Vogelsang testified to and introduced exhibits that verified the amount that he paid for the painting services. *See Manzer v. Barnes*, 237 S.W.2d 686, 688 (Tex.Civ.App.—Amarillo 1950, no writ). He also offered the testimony of Jackie Elrod, the manager of a disinterested automotive repair shop, who stated that the paint applied by defendant "needed to be stripped in order to bring it back [to] the way it needed to be" and that defendant's paint job actually "hurt its resale value." Three other witnesses testified as to the amount that they would charge to repaint the vehicle, but none of them testified that the charge quoted was the usual and customary charge.

Defendant moved for a directed verdict on grounds that no evidence had been presented as to diminution in value of the vehicle nor as to reasonable and necessary cost of repair and the trial court apparently based its directed verdict on this proposition. Inasmuch as we hold that such measures are not exclusive, as applied to the facts of this case, we reverse. The jury could have decided that defendant's services were worthless from the testimony that defendant's paint job needed to be stripped away and that it hurt the resale value of the vehicle. Consumer Vogelsang presented sufficient evidence to create an issue for the jury.

This case is controlled by *Smith v. Kinslow*, 598 S.W.2d 910 (Tex.Civ.App.—Dallas

---

1. TEX.BUS. & COM.CODE ANN. §§ 17.41–.63 (Vernon Supp.1986).

1980, no writ). The DTPA plaintiffs in that case delivered their vehicle to defendant for repairs, and defendant warranted his repairs for six months. Within the warranty period, the vehicle ceased functioning because of a defect covered by the warranty. Defendant failed to honor the warranty; instead he disassembled the vehicle and deprived plaintiffs of all benefits that defendant had contracted to deliver. The Court of Civil Appeals acknowledged that the difference in value is the generally accepted test. *Id.* at 912–13. The court went on to uphold the trial court's finding that "the repairs as done had no value" *Id.* at 914. The court concluded:

> Of course, the owner may recover the reasonable cost of obtaining the repairs elsewhere if he makes the necessary proof, even though that cost may be more than the agreed price, because such a recovery may be necessary to give him the full benefit of his contract. The repairman, however, is hardly in a position to assert that the price he charged was more than the reasonable value of the work he agreed to do. Consequently, if the owner elects to base his damages on the contract price, the repairman has no valid ground to object that the proper amount of damages has not been proved. We hold that under the findings in this case plaintiffs were entitled to recover the amount paid without proof of the reasonable cost of the repairs necessary to put the vehicle in the warranted condition.

*Id.*

■ In the instant case, the jury could have found that the repair job was worthless on the basis of the testimony that defendant's paint needed to be stripped and that it hurt the resale value of the vehicle. The inference-drawing function was the province of the jury; neither the trial court nor this court was empowered to draw inferences from the facts placed in evidence. The function of the court is limited to a decision whether or not inferences reached by the jury are unfounded. We hold that such an inference would not be unreasonable. It follows that the consum-er presented sufficient evidence to measure his damages by the amount paid.

■ Defendant objected that witness Elrod was not qualified to give testimony, particularly as to resale values. It is true that Elrod's experience was limited to auto body repairs and painting. Such experience would hardly qualify a witness to testify, in dollars, to the market value of a vehicle. However, such experience would qualify a witness to testify that a particular paint job would have to be redone completely. Similar to the holding just above, we hold that the question of a witness' qualifications to give expert testimony is, in final analysis for the jury. *Houston Lighting & Power Co. v. Dickinson*, 641 S.W.2d 302, 310 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). The court only makes the threshold finding, that the witness possesses minimal qualifications as an expert. *In re B— S— L—*, 579 S.W.2d 527, 530 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.). Thereafter, it is the jury's province to decide the adequacy of the qualifications and if the testimony should be believed. The court below held the witness to be qualified and admitted the quoted opinion into evidence. We cannot hold that the witness was wholly without qualifications to present such testimony. Plaintiff was entitled to have it considered by the jury. If believed, it was sufficient to support a verdict.

Accordingly, the trial court's judgment is reversed and the cause remanded for a new trial.