Elton and Leslie GEORGE et al., Petitioners,

v.

Jack VICK et al., Respondents.

No. C–3098.

Supreme Court of Texas.

Dec. 19, 1984.

Rehearing Denied March 20, 1985.

Plunkett, Gibson & Allen, Lewin Plunkett, Strickland & Dailey, Robert L. Strickland, San Antonio, for petitioners.

Bernie Martinez, San Antonio, for respondents.

Calvin L. Vick, pro se.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

Elton and Leslie George and Walter and Sharon Stellges sued Calvin Vick, Jack Vick, Penny McLean, John Askew and James C. Baxter seeking rescission of certain oil and gas contracts and for damages. The trial court rendered judgment on a jury verdict for the plaintiffs against Jack Vick, McLean and Askew. It rendered judgment that plaintiffs take nothing against Calvin Vick and Baxter. It awarded defendant Baxter his attorney fees, because the plaintiffs brought a deceptive trade practice action against him that was groundless and in bad faith or for harassment. Plaintiffs appealed from that part of the judgment that they take nothing against Calvin Vick and from that part of the judgment that awarded attorney fees to Baxter. Defendants Jack Vick and Baxter also appealed. The court of appeals after approving parts of the trial court's judgment reversed the judgment as to all parties and remanded the entire cause for another trial. 671 S.W.2d 541.

The court of appeals correctly adjudicated the points on appeal, but because its remand for a new trial of all parties and issues is contrary to Rule 434, TEX.R. CIV.P., we grant the writ of error and without hearing oral argument reverse the judgment in part and partially remand the cause to the court of appeals.

■ No party appealed from the trial court's judgment insofar as it disposed of the actions by and against Penny McLean and John Askew. The trial court's judgment as to them is affirmed and need not be tried again.

■ The court of appeals correctly held that the trial court erred in failing to render judgment for the Georges and Stellges against Calvin Vick for violations of the deceptive trade practice act. We reverse the judgment of the court of appeals remanding that part of the cause, sever plaintiffs' action against Calvin Vick and render judgment that plaintiffs recover from him their treble damages.

The court of appeals because of its decision to remand the entire cause, did not reach Jack Vick's points on his appeal from the trial court's judgment against him. We remand that part of the cause to the court of appeals for its disposition of Jack Vick's points of error.

■ The trial court denied plaintiffs a judgment against defendant James Baxter. The trial court, instead, rendered judgment that Baxter recover from plaintiffs his attorney fees both in the trial court and on appeal. On appeal, there was no attack upon that part of the trial court judgment that plaintiffs recover nothing. There is accordingly no need for a retrial of that part of the judgment. Rules 434 and 503 were amended in 1976 to afford partial retrials when error affects a part only of the matter and is clearly separable without unfairness to the parties. *See* J. Pope, *Try, Try, Again ... A Proposal to Limit the Scope of New Trials in Texas*, 7 ST. MARY'S L.J. 1 (1975). The court of appeals ruled upon plaintiffs' point that attacked only the legal sufficiency of the evidence to support the trial court judgment for Baxter's attorney fees. The court's opinion stated that the evidence to support the award was "insufficient." We construe the holding, in light of the point and response, that the court meant legal insufficiency. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). We find no error in and affirm that part of the court of appeals judgment.

We reverse the judgment of the court of appeals that ordered a general remand of all parties and causes. Rule 434, TEX.R. CIV.P. Rules 320, 434, and 503 are designed to avoid unnecessary retrials of those parts of causes that have been tried without error.

We remand to the court of appeals only that part of this cause that concerns plaintiffs' action against Jack Vick. Costs are adjudged against Calvin Vick and James Baxter.