**MELODY HOMES MANUFACTURING COMPANY, Appellant,**

v.

**Lonnie and Donna BARNES, Appellees.**

**No. 2–85–155–CV.**

Court of Appeals of Texas,
Fort Worth.

May 8, 1986.

M. Ward Bailey & Assoc., P.C., M. Ward Bailey, Fort Worth, for appellant.

Law Offices of Leeper, Priddy & Chovanec, Timothy G. Chovanec, Fort Worth, for appellees.

Before BURDOCK, JOE SPURLOCK, II, and HILL, JJ.

## OPINION

HILL, Justice.

Melody Homes Manufacturing Company appeals from an adverse judgment in a suit brought by Lonnie and Donna Barnes under the Texas Deceptive Trade Practices Act for damages to their modular or mobile home. The judgment was in the total amount of $12,600. Melody Homes presents six points of error.

We affirm.

In points of error numbers one and two, Melody Homes urges that the trial court erred in submitting special issues concerning its failure to manufacture the Barnes' modular home in a good and workmanlike manner, because there is no plead-ing concerning any such failure on the part of Melody Homes. Melody Homes objected to special issue number one, which inquired whether Melody Homes Manufacturing Company failed to manufacture the home in a good and workmanlike manner, on the basis of there being no pleading to support its submission. We are unable to find an objection to the damage issue concerning failure to manufacture in a good and work-manlike manner.

Pleadings are sufficient under the Rules of Civil Procedure if they give fair and adequate notice to the adversary. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex.1977). In the absence of special exceptions, the petition will be construed liberally in the pleader's favor. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982); *Stone*, 554 S.W.2d at 186. There were no special exceptions filed to the Barnes' original petition.

In their original petition, the Barnes alleged that "[p]rior to August of 1982, the Plaintiffs purchased a mobile home from the Defendant. They used it for a number of months and finally discovered that the sink was not hooked up to the drain, with the result that water ran behind some of the cabinets and caused extensive damage." Liberally construing the pleading, we find it sufficient to support the special issue about Melody Homes' failure to manufacture the home in a good and workman-like manner. We overrule points of error numbers one and two.

By points of error numbers three, four, five, and six, Melody Homes urges that the trial court erred in submitting a special issue concerning special, punitive, or discretionary damages and awarding such damages under the Deceptive Trade Practices Act, and in awarding automatic damages and attorney's fees under the Act, because the failure to make repairs in a good and workmanlike manner is not listed in TEX.BUS. & COM.CODE ANN. sec. 17.-46(b) (Vernon Supp.1986) or elsewhere in the Act as a deceptive trade practice, and

there was no jury finding that such failure was a deceptive trade practice.

After purchasing the mobile or modular home from Melody Homes in 1980, the appellees continually found puddles and dampness inside their house. It was not until June, 1982, that the appellees discovered that a sink was not hooked up to the drain inside one of the interior walls. The water damage included mold, crumbling sheetrock, and a rotting floor and insulation. Melody Homes sent someone out in July, 1982, and subsequently three repairmen attempted work on behalf of Melody Homes. In addition to attempting repair work, the workmen also made obscene gestures to Donna Barnes, one of the appellees. The Barnes testified as to additional damages resulting from the efforts to repair.

The jury found that Melody Homes failed to repair the home in a good and workmanlike manner, that this was done knowingly, and that $5,000 is the amount of discretionary damages which should be awarded. The jury also made additional findings as to other damages and attorney's fees.

> The sale of a service ... carries with it the implied warranty that the service will be performed, 'in a skillful and workmanlike manner.' For example, if a repairman maintains a shop, holds himself out as a mechanic and accepts a contract for repair work, he represents that he possesses the reasonable skill and ability to do the necessary work. From this representation flows the implicit promise that he will procure the needed parts, replace the old parts and repair the product in a skillful and workmanlike manner.

D. BRAGG, P. MAXWELL, & J. LONGLEY, TEXAS CONSUMER LITIGATION sec. 5.04 (2d ed. 1983).

The jury, therefore, found that Melody Homes knowingly breached an implied warranty to repair the home in a good and workmanlike manner.

■ Section 17.50 of the Texas Deceptive Trade Practices Act, as amended in 1979, is applicable in this case. It does not require a finding of deceptive trade practice nor that an alleged act be a false, misleading or deceptive act listed under sec. 17.46 of the Act in order to recover penalty damages, in the case of an express or implied warranty which has been knowingly breached. TEX.BUS. & COM.CODE ANN. sec. 17.50 (Vernon Supp.1986); *see also Garcia v. Texas Instruments, Inc.*, 610 S.W.2d 456, 458 n. 4 (Tex.1980) and D. BRAGG, *supra*. Melody Homes' reliance on the opinions of *Spradling v. Williams*, 566 S.W.2d 561 (Tex.1978) and *Vick v. George*, 671 S.W.2d 541 (Tex.App.—San Antonio 1983), *aff'd*, 686 S.W.2d 99 (Tex. 1984) is misplaced, since neither case is a case involving a knowing breach of an express or implied warranty. We overrule points of error three, four, five and six.

The judgment is affirmed.