**BROWN FOUNDATION REPAIR AND CONSULTING, INC., Appellant,**

v.

**Robert HENDERSON, Appellee.**

No. 05–85–01347–CV.

Court of Appeals of Texas,
Dallas.

Aug. 26, 1986.

Rehearing Denied Nov. 3, 1986.

James P. Finstrom, Dallas, for appellant.

Walley Bowman, Irving, for appellee.

Before WHITHAM, HOWELL and STEWART, JJ.

HOWELL, Justice.

Brown Foundation Repair and Consulting, Inc. appeals from a judgment rendered in favor of Robert Henderson, urging five points of error. We hold that the trial court erred in submitting the special issue regarding Brown's failure to disclose certain information, but overrule Brown's no-evidence points. Accordingly, the trial court's judgment is reversed and the cause is remanded for new trial.

Henderson contracted with Brown to repair his chimney. The chimney, which had not been built at the same time as the house, had drawn away from the outside wall of the house, and a gap had been created. Henderson wished to place the chimney back against the house.

Brown attempted to remedy the situation through a three-step process. First, it dug two pier holes beneath the foundation of the chimney. Two concrete "footings" of about nine square feet each were placed in the pier holes. Second, when the footings had been cured, Brown placed jacks on the footings and raised the chimney's two outside corners. Finally, the desired elevation having been achieved, concrete piers were placed beneath the chimney foundation to stabilize it.

The process did not work with Henderson's chimney. Brown managed to raise the chimney vertically but could not place it back against the house. The Hendersons made a payment under the contract but refused further payment when it became apparent that the desired result had not been achieved. Brown sued to recover the amount due on the contract. Henderson counterclaimed, alleging violations of the Deceptive Trade Practices-Consumer Protection Act. TEX.BUS. & COM. CODE SS 17.41—17.63 (Vernon Supp.1986).

The jury found that Brown "failed to inform [Henderson] that it was not feasible to repair the chimney." The court rendered judgment based upon this finding. In its first point of error, Brown alleges that the trial court erred in failing to inquire of the jury if Brown *knew* of such unfeasibility. We agree.

■ Section 17.46(b)(23) of the Act declares as a deceptive trade practice "the failure to disclose information concerning goods or services *which was known* at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed." (Emphasis added). The supreme court has emphasized that liability under this section requires that the defendant *know* at the time of the transaction the fact he fails to disclose. *Robinson v. Preston Chrysler-Plymouth*, 633 S.W.2d 500, 502 (Tex.1982). The issue as submitted did not inquire whether Brown Foundation knew at the time of the transaction that the repairs were impractical. Absent such a favorable finding there can be no liability under section 17.46(b)(23).

■ Henderson does not dispute this proposition, but urges that the evidence establishes as a matter of law that Brown was aware of the impracticality of the repairs and argues that an issue as to its knowledge was unnecessary. We do not agree. Charles Walker, a supervisor for Brown, testified that he did not know at

the time of the undertaking that the chimney would only rise vertically when elevated. This testimony alone would have been a sufficient basis for a jury finding that the knowledge element was absent. Hence the submission was improper, and the judgment must be reversed.

Brown also argues in its second point of error that the pleadings were insufficient for the submission of issues inquiring as to the defendant's knowledge of feasibility. We do not reach this question because of our disposition of its first point of error. Nevertheless, we address Brown's third, fourth and fifth points of error because they are no-evidence points, which, if sustained, would require the rendition of judgment in Brown's favor. When reviewing a no-evidence point, we consider only the evidence and inferences supporting the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). Brown argues in its third point of error that no evidence supported the submission of an issue inquiring whether it had foreknowledge that repairs were not feasible. In other words, the argument under point one is renewed and extended into a claim that there was no evidence from which the jury could have legitimately concluded that Brown had prior knowledge that the repair was not feasible. We do not agree.

Henderson brought forward expert testimony that the repair failed primarily because the chimney was placed on a separate foundation from the house. Had the house and chimney shared the same foundation, the application of vertical force to the outside edge of the chimney could have taken advantage of a "hinge effect" and could have moved the chimney toward the house. However, where the house and chimney rest on separate foundations, Henderson's expert testified that it would be necessary to apply lateral as well as vertical force. This opinion was confirmed by Brown's answers to interrogatories that were read into evidence. It is undisputed that supervisor Walker knew that the chimney had a separate foundation at the time

of the transaction. Knowledge by the opposing party is rarely subject to direct proof; it must usually be inferred. Based upon the fact that Brown was experienced in foundation repair and its knowledge of a separate chimney foundation, and on strength of the testimony of Henderson's expert, a jury could legitimately have concluded that Brown Foundation was indeed possessed of knowledge that the proposed repairs were impractical and could legitimately have further concluded that such information was purposefully withheld. In short, we agree with Brown that its prior knowledge was a crucial issue, but we disagree with its contention that there was no evidence that it possessed such knowledge.

Brown also argues that Henderson adduced no evidence of damages. Specifically, Brown states that Henderson was burdened to prove either the difference in market value between that which was received and that which was contracted for, or to prove the reasonable cost of remedying defects in performance.

There is yet another measure of damages in actions against repair contractors. Damages may be established by proving the amount paid for repairs and the entire lack of value thereof. *Raye v. Fred Oakley Motors Inc.*, 646 S.W.2d 288, 290 (Tex.App.—Dallas 1983, writ ref'd n.r. e.); *Smith v. Kinslow*, 598 S.W.2d 910, 913 (Tex.Civ.App.—Dallas 1980, no writ). Testimony from Henderson, his wife, and Walker indicate that the purpose of the project was to place the chimney against the house. As a result of Brown's efforts, the previously existing three-inch gap had been narrowed to two-and-one-half inches. The jury could properly have believed that this small amount of correction was essentially worthless. A jury finding of damages in an amount equivalent to the amount paid would be supported by the evidence. Points of error four and five are overruled.