**J.R. DUNBAR, Appellant,**

v.

**RKG ENGINEERING, INC., Bert Hurlbut and R.K. Ganter, Appellees.**

**No. 9574.**

Court of Appeals of Texas, Texarkana.

Feb. 9, 1988.

Melvin Wilcox, III, Smead, Anderson, Wilcox & Dunn, Longview, for appellant.

E. Lawrence Merriman, Merriman, Patterson & Allison, Longview, for Bert Hurlbut.

Warren Burnett, Odessa, Larry Zinn, San Antonio, for RKG Engineering and R.K. Ganter.

GRANT, Justice.

J.R. Dunbar appeals a judgment in which his purchase of an oil and gas interest was found not to fall under the Texas Securities Act. The jury found that Dunbar was a participant in a joint venture. The defendants, RKG Engineering Inc., Bert Hurlbut and R.K. Ganter, moved for judgment on the basis that this finding is a complete defense to an action under the Texas Securities Act.

Dunbar contends generally on appeal that the existence of a joint venture is not a defense to his claim of Securities Act violations by RKG Engineering, Hurlbut and Ganter. He also argues that the jury's failure to find Hurlbut to be an issuer, dealer, or salesman of a security was against the overwhelming weight of the evidence, and that Hurlbut fell into these categories as a matter of law.

Dunbar, Hurlbut and Ganter entered into an agreement in 1978 along with a number of other investors in which they purchased

percentages of thirteen oil and gas leases. In return for their investment, the investors each received a percentage working interest in the well by assignment from the defendants and joint rights to control of the enterprise. After the purchase, Dunbar held the largest share of any single investor, a ten percent interest. The group drilled several wells, none of which was commercially productive, and later agreed to sell the leases for a minimal return.

Dunbar does not allege fraud or misrepresentation, but complains that Hurlbut, Ganter and RKG Engineering violated the Texas Securities Act. He argues that the sale of a working interest constitutes a sale of a security under the definition provided in the Texas Securities Act. Tex.Rev.Civ. Stat.Ann. art. 581–4(A) (Vernon 1964). He further contends that the security was not registered and does not fall within an exemption, therefore its sale was illegal. Tex.Rev.Civ.Stat.Ann. art. 581–7(A)(1) (Vernon Supp.1988). Dunbar also contends that he should recover because the sale was conducted by unlicensed salesmen in violation of Tex.Rev.Civ.Stat.Ann. art. 581–12 (Vernon 1964).

■ The jury found that RKG Engineering, Inc., as well as Ganter, acted as an issuer, dealer or salesman of a security in the sale of the working interest to Dunbar, but further found that the parties were involved in a joint venture.[1] Dunbar does not appeal this finding, but argues that it is not a competent defense to his claim.

■ Dunbar argues that the assignment of a portion of a leasehold interest constitutes the sale of an unregistered security. He is correct in his statement that the interest sold falls within the statutory definition of a security. Article 581–4(A) in part defines a security as "any instrument representing any interest in or under an oil, gas, or mining lease."

■ He goes on to argue that since the assignment was a security under this definition, the question of whether a joint venture existed is not a defense for appellees. He then contends that since the defense does not apply, Ganter and RKG Engineering are liable under the Texas Securities Act for selling unregistered securities without a license, and asks that the cause be either reversed and rendered or remanded for a new trial on that basis.

Dunbar's major argument is based on his effort to distinguish this case from the leading case of *Brown v. Cole,* 155 Tex. 624, 291 S.W.2d 704 (1956). In *Brown,* suit was brought for recovery on much the same grounds as in the present case, following the sale of stock certificates in a Mexican mining corporation which later went bankrupt, with a corresponding loss of the investors' money. The Court found against the seller of the securities, because no joint venture existed at the time of the sale. The *Brown* Court stated:

It is well settled that the Act does not apply to a joint adventurer and to transactions between joint adventurers. Joint adventurers and partners are not to be denied the right to recover their interest merely because of a failure to comply with the Securities Act and we think it equally true that a dissatisfied joint adventurer may not recover from other joint adventurers merely because of the failure of the latter to comply with the Act . . .

To constitute a joint adventure there must be a community of interest and participation in the profits. It is in the nature of a partnership engaged in the joint prosecution of a particular transaction for mutual profit.

Dunbar argues in part that the assignment which constituted the sale of a security took place while no joint venture was yet in effect. The joint operating agreement was executed on February 1, 1978. The assignment was executed May 16, 1978, to be effective retroactively on January 26, 1978. We attach no particular significance to the fact that the effective date of the assignment predated the effective date of

---

1. The elements of a joint venture were properly defined to the jury as: (1) mutual right of control whether exercised or not, (2) community of interest, (3) agreement to share profits, (4) agreement to share loss and cost or expenses.

the joint operating agreement by five days. The testimony and documentary evidence clearly reflects that the various documents were a part of a common plan to create a joint venture, and the parties entered into the joint-operating agreement more than three months before the assignment was executed.

Dunbar further contends that we should limit the effect of the court's holding in *Brown v. Cole, supra,* to transactions between joint ventures involving investment contracts, as opposed to cases where the instrument meets a different portion of the statutory definition. He offers no authority for this position, and we are aware of none. There is considerable authority to the contrary, stating generally that the Securities Act does not apply to transactions between joint venturers, without drawing a distinction among the various types of documents that fall under the general description of a security. *Russell v. French & Associates, Inc.,* 709 S.W.2d 312 (Tex.App.–Texarkana 1986, writ ref'd n.r.e.); *Vick v. George,* 671 S.W.2d 541 (Tex.App.–San Antonio 1983), *rev'd on other grounds,* 686 S.W.2d 99 (Tex.1984).

We find that the trial court correctly rendered judgment against Dunbar on the basis that the existence of a joint venture among the interested parties is a defense to any cause of action arising under the Texas Securities Act.

Because of our determination on the foregoing issues, we do not address the other points raised by appellant. Accordingly, we affirm the judgment of the trial court.