**Oscar S. WYATT, Jr., Appellant,**

v.

**Petru PETRILA and Wife, Jacqueline H. Petrila, and Berney Seal, Appellees.**

**No. 13–87–036–CV.**

Court of Appeals of Texas, Corpus Christi.

May 31, 1988.

Rehearing Denied June 30, 1988.

Ken Dahlberg, Corpus Christi, for appellant.

Francis I. Gandy, Jr., Russell H. McMains, Anthony Constant, Corpus Christi, for appellees.

Before DORSEY, KENNEDY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

Oscar Wyatt appeals a judgment awarding Petru and Jacqueline Petrila damages for Deceptive Trade Practices Act[1] (DTPA) violations arising from the sale of Wyatt's home to the Petrilas. Wyatt, in thirty-one points of error, presents questions on liability, evidentiary sufficiency and the propriety of special issues submitted to the jury. Berney Seal as cross-appellant brings twenty-one cross-points. We reverse and render.

The Petrilas signed a contract to purchase Wyatt's home "as is" for $625,000.00 in September of 1983. Wyatt did not communicate with the Petrilas during the negotiations or prior to closing; rather, all negotiations were between the Petrilas and Wyatt's real estate agent, Berney Seal.

After the sale, the Petrilas discovered leaks in the roof and problems with the air conditioning and heating systems. Some time later, the ceiling in the home was found to contain asbestos.

The plaintiff's trial pleadings complained of both Wyatt and Seal, but the plaintiffs nonsuited Seal prior to jury selection. The Petrilas alleged that Seal acted as an agent for Wyatt, made several misrepresentations as to the condition of the property, and failed to disclose certain information in violation of Deceptive Trade Practices Act. The Petrilas also alleged that the sale by Wyatt was unconscionable under Sec. 17.-45(5) of the Act. Wyatt answered, asserting no duty existed under the DTPA because the house was sold "as is", but if the plaintiff were successful, Wyatt should receive a credit to offset the amount of rent received. Wyatt cross-acted against Seal for contribution and indemnity, alleging that if any misrepresentations were made, they were made without his authority. Seal cross-acted against Wyatt for indemnity or contribution and asserted that Wyatt negligently or intentionally withheld information from Seal concerning the true condition of the house.

---

1. Tex.Bus. & Com.Code Ann. §§ 17.41–17.63   (Vernon 1987).

After a protracted trial, twenty-six issues were submitted to the jury for resolution. It found that: 1) the house leaked; 2) Wyatt failed to inform Seal that the house leaked; 3) this failure constituted negligence; 4) this negligence was a proximate and producing cause of damages to the Petrilas; 5) Wyatt, Seal, and the Petrilas were each one-third at fault; 6) the Petrilas' negligence arose from their failure to make reasonable inquiries and inspections of the house; 7) the failure to inspect was a proximate cause of their damage; 8) there was a gross disparity between the consideration paid for the house and the value received, $575,000.00; 9) this gross disparity was a producing cause of economic loss to the Petrilas; 10) the Petrilas were each entitled to $35,000.00 for past and future mental anguish; and 11) the sum of $420,000.00 would put the Petrilas in the economic position they would have been in had they not purchased the house. The jury failed to find that Wyatt knew that the house leaked at the time of sale and found for the defendants on all issues involving misrepresentations.

After motions to disregard certain findings were overruled, the trial court entered judgment for the Petrilas in the amount of $406,197.97, representing the actual damages as found reduced by one-third due to the contributory negligence of the Petrilas, a $2,000.00 penalty under the DTPA, attorney's fees and pre- and post-judgment interest. Each plaintiff was additionally awarded $23,333.33 for mental anguish against Wyatt. Wyatt and Seal were held to recover from each other fifty percent contribution for all damages and Wyatt was to receive a credit of $93,333.00 for the fair rental value of the property. The costs were adjudged against appellant, Oscar Wyatt.

Recovery against Wyatt is predicated on two legal bases: § 17.50(a)(3) of the DTPA —an unconscionable act because of the gross disparity between price and value, and § 17.46(b)(23)—failure to disclose information.

Appellant's first and second points of error complain that the DTPA prohibition against an unconscionable course of action, § 17.50(a)(3), is inapplicable to a transaction involving the sale of a used home when the contract for sale provides that the home is to be sold "as is." The contract for sale provided: "buyer accepts the property in its present condition, subject only to termite treatment and clear certificate."

An "unconscionable action or course of action" is defined in § 17.45(5) as an act which, to a person's detriment:

(A) takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree; or

(B) results in a gross disparity between the value received and consideration paid, in a transaction involving transfer of consideration.

Liability here is based on the finding of "gross disparity between value received and consideration paid", a definition of unconscionable action from § 17.45(5)(B). Appellant's argument appears to be that by taking the property "as is", the purchaser may not later complain of the value received. We disagree. In DTPA actions based on unconscionability, we look to gross disparity, not merely arguable unfairness. The unfairness needs to be to such a degree that it is glaring and unmitigated. In *Weitzel v. Barnes*, 691 S.W.2d 598 (Tex.1985), the Supreme Court held an "as is" provision of a real estate sales contract not to bar a DTPA action based on an affirmative oral misrepresentation. To allow "as is" language to defeat a DTPA action based on unconscionability would be tantamount to giving effect to a disclaimer of liability forbidden by § 17.42.

Points of error one and two are overruled.

In points three and fourteen, Wyatt contends there is no evidence, or insufficient evidence, to support the finding in issue number 6 of a gross disparity between the value received and the consideration paid. In points four, six, and twenty-seven, he assails, on legal and factual sufficiency grounds, the finding in issue seven that the

value received by the Petrilas at the time of sale was $575,000.00.

In his points three and fourteen, appellant forcefully argues that the finding of value received of $575,000.00 is to be compared with the undisputed consideration given, $625,000.00, to reach a difference of $50,000.00; such a difference, he contends, is not sufficient to constitute a gross disparity of value as a matter of law. Appellee Petrila argues that Wyatt is maintaining that an irreconcilable conflict exists in the answers of the jury, and such a complaint has not been properly preserved by proper objection below.

We do not view the findings in issues six and seven to be in conflict. The rule is expressed in *Bender v. Southern Pacific Transportation Company*, 600 S.W.2d 257, 260 (Tex.1980), where the court stated: "The threshold question is whether the findings are about the same material fact. A court may not strike down jury answers on the ground of a conflict if there is a reasonable basis upon which they can be reconciled."

The finding that the $575,000.00 was the value received and that a gross disparity resulted may be reconciled by concluding that the $50,000.00 difference between value and consideration was found to be a gross disparity by the jury. We cannot review the evidence of gross disparity without considering the express finding of the value of the house at the time of sale.

█ The term "gross" should be given its ordinary meaning of "glaringly noticeable, flagrant, complete, and unmitigated." *Chastain v. Koonce*, 700 S.W.2d 579, 583 (Tex.1985). In reviewing other decisions in which the evidence supporting gross disparity was discussed, we find that in each the value received was none or nearly so. *Miller v. Soliz*, 648 S.W.2d 734, 739 (Tex. App.—Corpus Christi 1983, no writ) [gross disparity as a matter of law because the plaintiff paid full consideration and received absolutely no value in return]; *Vick v. George*, 671 S.W.2d 541 (Tex.App.—San Antonio, 1983), *reversed in part on other grounds*, 686 S.W.2d 99 (Tex.1984) [evidence that buyers of shares in gas well received absolutely no return on their investment and that the market value of well was near zero supported a damage award for unconscionability]; *Butler v. Joseph's Wine Shop, Inc.*, 633 S.W.2d 926 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) [evidence that defendant's manager negotiated sale of store fixtures to plaintiff, deposited plaintiff's check and later sold fixtures to third party held sufficient to support jury's finding of gross disparity]; *Jim Walter Homes, Inc. v. White*, 617 S.W.2d 767 (Tex.Civ.App.—Beaumont 1981, no writ) [$400.00 charged by builder for compliance with nonexistent building code held to constitute unconscionable course of action]; *Sam Kane Beef Processors, Inc., v. Manning*, 601 S.W.2d 93 (Tex.Civ.App.—Corpus Christi 1980, no writ) [gross disparity existed where meat was valueless because it contained too much water and was sold for $732.90].

█ In considering the value received as found by the jury, $575,000.00, we hold that the disparity between it and the consideration paid is not "gross" as a matter of law and therefore not unconscionable under Sections 17.45(5)(B) and 17.50(a)(3) of the Deceptive Trade Practice Act. We sustain Wyatt's third and fourteenth points of error.

In points of error eight through ten and seventeen through twenty, appellant contends there was legally and factually insufficient evidence to support the jury's findings to special issues eight through eleven. In these special issues, the jury found Wyatt failed to inform Seal prior to the sale that the roof leaked and that such failure was negligence and a proximate and producing cause of damages to the Petrilas.

We will view these issues as having been submitted based on the Petrilas' DTPA claim that Wyatt failed to disclose certain information to the Petrilas. Because we find the action was pled and tried on alleged violations of the DTPA and not on a negligence theory, we will consider the jury findings only in the context of the Deceptive Trade Practices Act.

Tex.Bus. & Comm.Code Ann. § 17.46(b)(23) (Vernon 1987) provides:

(b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

\* \* \* \* \* \*

(23) The failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

The operative phrase in this section of the DTPA is "which was known at the time of the transaction." In *Robinson v. Preston Chrysler—Plymouth, Inc.*, 633 S.W.2d 500 (Tex.1982), it was held that no cause of action arises under section 23 where a seller does not make representations but simply fails to reveal facts he did not know. In *Robinson* the court recognized a distinction between a "representation" and a "failure to disclose". When a seller represents facts to a buyer, he is under a duty to know if his statements are true. However, under section 23 no such duty arises if the seller does not make a representation but merely fails to disclose information he does not know. *Id.* at 502. *See also Brown Foundation Repair v. Henderson*, 719 S.W.2d 229 (Tex.App.—Dallas 1986, no writ); *Freeman v. Greenbriar Homes, Inc.*, 715 S.W.2d 394 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Lone Star Ford, Inc. v. McGlashan*, 681 S.W.2d 720 (Tex. App.—Houston [1st Dist.] 1984, no writ); *Parks v. U.S. Homes*, 652 S.W.2d 479 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd).

Knowledge is an essential element of a failure to disclose violation under § 17.46(b)(23), DTPA. *Cobb v. Dunlap*, 656 S.W.2d 550 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). In response to Special Issue No. 2A the jury failed to find Wyatt knew the house leaked. Therefore, recovery may not be predicated on section 23. Appellant's points of error eight, nine, and ten are sustained.

In his seventh, sixteenth, twenty-fourth, and thirty-first points of error, appellant claims there is an irreconcilable conflict between the jury's answer to special issue number two (Do you find that Wyatt knew at the time of the transaction that the house leaked?—We do not.) and special issue number eight (that prior to the sale Wyatt failed to inform Seal that the house leaked). Wyatt argues that the jury's failure to find that he knew of leakage precludes a finding that he failed to inform Seal of the problem because one could not have a duty to disclose what one is not aware of. We disagree. By their answer to issue number two, the jury failed to find that Wyatt knew of the leaking roof. It did not find that Wyatt did not know of the leaks. *See C & R Transport Company v. Campbell*, 406 S.W.2d 191 (Tex.1966). We find no conflict between special issues number two and eight. Points of error seven, sixteen, twenty-four, and thirty-one are overruled.

Because we have sustained appellant's points of error three, fourteen, eight, nine, and ten, we hold these points to be dispositive and, therefore, do not consider any of Wyatt's remaining points of error or any of Seal's cross-points.

The judgment of the trial court is REVERSED, and the cause is RENDERED that the Petrilas take nothing in their action against Wyatt.