

# Fourth Court of Appeals

## San Antonio, Texas

### CONCURRING OPINION

No. 04-12-00663-CV

**UNITED RESOURCES, L.P.**,
Appellant

v.

**SEPCO TUBULARS, INC.**, Padre Tubulars Inc., Jesse Ortega, and Collinsworth Well Treating, Inc.,
Appellees

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 05-10-13092CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice
Concurring Opinion by: Sandee Bryan Marion, Justice

Sitting:  Catherine Stone, Chief Justice
 Sandee Bryan Marion, Justice
 Luz Elena D. Chapa, Justice

Delivered and Filed: July 9, 2014

I agree with the majority's judgment, but I write separately to clarify what I believe to be the basis of our judgment.

On April 22, 2008, the trial court signed a judgment in favor of Jesse Ortega against Sepco Tubulars, Inc. and Padre Tubulars, Inc. In the same judgment, the trial court rendered a take-nothing judgment against Sepco and Padre on their cross-claims against United Resources and Collinsworth Well Treating, Inc. Sepco and Padre appealed the judgment in favor of Ortega and the take-nothing judgment in favor of Collingsworth. But, Sepco and Padre did not appeal the

take-nothing judgment in favor of United Resources.  As stated in the majority opinion, following Sepco's and Padre's appeal to this court and a later petition for review in the Texas Supreme Court, the Supreme Court (1) vacated in part the trial court's judgment, "excluding that part pertaining to cross-claims by" Sepco and Padre against United Resources; and (2) remanded "the case . . . to the trial court for further proceedings in accord with the parties' settlement agreements . . . ."

Despite language in the Supreme Court's mandate remanding "the case," the trial court did not have the authority to revisit, revise, amend, or modify its April 22, 2008 take-nothing judgment in favor of United Resources because that portion of the April 22, 2008 judgment in favor of United Resources had long since become final and non-appealable.  *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (trial court has plenary power over its judgment until judgment becomes final); *see also George v. Vick*, 686 S.W.2d 99, 100 (Tex. 1984) (where no party appeals from trial court's judgment that disposes of actions by or against a particular party, trial court's judgment as to that party is affirmed).  Also, to the extent the Supreme Court's mandate remanding "the case" could be interpreted as encompassing the cross-claims against United Resources, the Supreme Court's mandate specifically excluded those claims when it vacated the trial court's judgment.  *See Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2001, no pet.) ("On remand, the filing of the mandate with the trial court vests the trial court with limited jurisdiction, as defined by the parameters of the mandate, to decide those issues specified in the mandate.").

For these reasons, I agree the trial court's judgment should be affirmed as modified.


Sandee Bryan Marion, Justice